HENDRY, Judge.
This is an appeal by defendant, Taft Douglas, Jr., from a-conviction of breaking and entering a dwelling with intent to commit a felony, to-wit: Grand Larceny and Petit Larceny.
The first point raised on appeal is: “Whether the trial court deprived the defendant of his right to counsel by denying defendant’s request that the trial be continued?”
The record reveals that the defendant was arrested and charged on October IS, 1966, for the above-mentioned crime. On November 17, 1966, while represented by a private attorney, defendant was arraigned, entered a plea of not guilty and waived jury trial. Bond was set and defendant was later released from jail. On June 26, 1967, defendant’s private attorney was granted leave to withdraw. On the same day bond was revoked and the defendant was ordered back to jail. About one month after defendant’s private attorney was allowed to withdraw, he again appeared on behalf of defendant and made a motion to reinstate defendant’s bond. On January 8, 1968, defendant appeared in court for trial without an attorney.
At that time, the trial judge immediately appointed an assistant public defender to represent the defendant. A short while thereafter, the assistant public defender related to the court that the defendant desired a continuance in order to obtain certain papers and information from his former attorney. This request for a continuance was denied, and the court gave as its reason the following:
(1) that the two key witnesses for the State had been called to court eight times in the past, never having yet testified;
(2) that those witnesses “ * * * would find it extremely difficult, if not impossible * * *” to return. Thereupon, the court announced its intention to hear only the testimony of the two witnesses, with the remainder of the trial to be continued until January 18. At this point, the record on appeal shows no objection on behalf of the defendant, and the trial commenced. After direct, .cross, redirect, and recross examination of the two witnesses, the trial was recessed and did not resume until ten days later.
It is appellant’s contention that the assistant public defender, having been appointed on the day the trial began, had insufficient time to prepare his case and hence, the defendant was in essence deprived of his right to counsel.
As a general rule, the granting or denial of a motion for continuance is within the discretion of the trial court and the action of the court on such motion will not be disturbed on appeal unless there is a clear showing that there has been a palpable abuse of that discretion to the disadvantage of the accused, or, whereby his rights may have been jeopardized. Raulerson v. State, Fla.1958, 102 So.2d 281; Kitchen v. State, Fla.1956, 89 So.2d 667; Lewis v. State, Fla.App.1966, 188 So.2d 585.
From our review of the entire record, we are convinced that the trial court’s denial of the defendant’s motion for continuance was not an abuse of discretion and that it has not been shown that any rights of the defendant were jeopardized or that any prejudice resulted to the defendant from the denial of the motion.
Appellant’s attorney has also requested that we rule on his motion for attorney’s fees, pursuant to Florida Appellate Rule 3.-16(e), 32 F.S.A. This motion is denied without prejudice to his right to apply to the trial court for same.
We have also considered the other points on appeal and find them to be without merit. Accordingly, the judgment and sentence are affirmed.
Affirmed.