WARD, C. LAVON, Associate Judge.
The appellant seeks review of his convictions on 5-year sentences of a two-count information entered by the trial court pursuant to a jury verdict which found the appellant guilty of the sale of and possession of heroin in violation of § 398.03 Fla. Stat. F.S.A. The sentences were to run concurrently.
On April 20, 1970, in the late afternoon, an undercover narcotics agent entered a television shop in the northwest section of Miami, Florida, where he informed a Mr. Petesky he wanted to buy some heroin. Mr. Petesky called the appellant, who came to the store and allegedly handed the narcotics agent a package containing heroin. Thereafter, the appellant was arrested and charged by a two-count information with the unlawful sale of and the unlawful possession of heroin, in violation of § 398.03, Fla.Stat., F.S.A. The Public Defender was appointed to represent the appellant. Appellant pleaded not guilty and demanded a jury trial. Trial was set for April 3, 1972. Approximately one week before trial, the appellant employed private counsel to represent him. On March 30, 1972, said counsel requested a continuance on the ground he would be in New York on the day of the trial. The case was set for trial April 3, 1972, at which time the trial court denied the motion for continuance. Appellant’s private counsel was not present and the trial court appointed the Public Defender to represent the appellant. The cause then proceeded with selection of the jury. Upon picking a jury, the court recessed until the following day. At that time, appellant’s private counsel was present and he represented the appellant at trial. At the conclusion of the trial, the jury found appellant guilty of each count of information. The trial court thereupon entered the convictions and sentences which are the subject matter of this appeal.
The first point raised on appeal contends that these sentences are in violation of the applicable Florida law. We agree that the sentence for possession is not in compliance with the principles set forth in the case of Yost v. State, 243 So. 2d 469 (Fla.App. 3rd Dist.1972).
The undisputed facts of the case show a possession and sale which arose out of the same transaction. Both the possession and sale occurred at exactly the same time and place. In the Yost decision, this Court held that in such situations, “only one sentence may be imposed; and the sentence which should be imposed is for the highest offense charge.” Accordingly, the sentence for possession is vacated. The evidence amply supports the judgment of conviction upon the count relating to sale of heroin.
We find appellant’s second point to be without merit. He contends that the trial court’s failure to grant a motion for continuance was prejudicial error. The granting or denying of a motion for continuance is within the discretion of the trial court and the action of the court on such motion will not be disturbed on appeal unless there is a clear showing that there *39 has been a palpable abuse of that discretion to the disadvantage of the accused. Douglas v. State, 216 So.2d 82 (Fla.App.3d 1968).
In this case the appellant was notified well in advance of the date of his trial. He had been represented for two months prior to his trial by the public defender. While it was his prerogative to retain private counsel, this should have been accomplished well in advance of the trial instead of the prior week. While private counsel was not present during the jury selection, he was present for the remainder of the trial. There has been no showing that the public defender was incapable of selecting the jury. The record indicates that the defendant’s constitutional rights were fully protected.
Affirmed in part and reversed in part.