280 So.2d 35 (1973)
Hollis MILLS, Appellant,
v.
The STATE of Florida, Appellee.
No. 73-82.
District Court of Appeal of Florida, Third District.
July 10, 1973.
Phillip A. Hubbart, Public Defender, and John Lipinski, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and William L. Rogers, Asst. Atty. Gen., for appellee.
Before BARKDULL, C.J., and CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
An information was filed against the defendant-appellant for (1) uttering a worthless check, (2) grand larceny, and (3) buying, receiving and concealing stolen property. A non-jury trial was held and the defendant was convicted of uttering a worthless check and then sentenced to one year in the Dade County Jail.
On appeal, appellant first contends that the trial court erred in denying the defense motions for continuance. "As a general rule, the granting or denial of a motion for continuance is within the discretion of the trial court and the action of the court on such motion will not be disturbed on appeal unless there is a clear showing that there has been a palpable abuse of that discretion to the disadvantage of the accused, or, whereby his rights may have been jeopardized." Douglas v. State, Fla.App. 1968, 216 So.2d 82 and cases cited therein. The record on appeal in the case sub judice does reflect in fact that the trial court did grant several continuances to the defense but then denied defendant's motions requesting further continuances. Thus, no abuse of discretion having been made to appear, appellant's first argument must fail.
Secondly, defendant-appellant contends the trial court erred in finding sufficient evidence to prove beyond a reasonable doubt that the defendant committed the alleged offense. We disagree. After a thorough examination of the record, we conclude that there was competent substantial *36 evidence to support the judgment of conviction as to the commission of the offense and as to the identity of the appellant as the perpetrator thereof.
Accordingly, the judgment herein appealed must be and hereby is affirmed.
Affirmed.