350 So.2d 525 (1977)
Eric P. DURCAN, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-1144.
District Court of Appeal of Florida, Third District.
October 4, 1977.
Michael A. Pelle, North Miami Beach, for appellant.
Robert L. Shevin, Atty. Gen., and Anthony C. Musto, Asst. Atty. Gen., and Jose R. Rodriguez, Legal Intern, for appellee.
Before HENDRY, C.J., and HAVERFIELD and HUBBART, JJ.
HAVERFIELD, Judge.
Eric Durcan appeals his convictions for three counts of burglary, one count of larceny *526 and one count of breaking and entering; and contends that the trial judge abused his discretion by denying his motions for continuance so that he could bring in testimony to impeach that of the prosecution's chief witness. We find the continuance was properly denied.
The general rule is that the granting or denial of a motion for continuance is within the discretion of the trial court and the court's action on such a motion will not be disturbed on appeal unless there is a clear showing that there has been a palpable abuse of that discretion to the disadvantage of the accused, or whereby his rights may have been jeopardized. Mills v. State, 280 So.2d 35 (Fla. 3d DCA 1973); Douglas v. State, 216 So.2d 82 (Fla. 3d DCA 1968) and cases cited therein. We conclude defendant has failed to show an abuse of discretion or that any of his rights were jeopardized.
First, we note that the motions failed to comply with the requirements set forth in Fla.R.Crim.P. 3.190(g) in that the motions were not in writing and contained no certificate of counsel. Cf. Lyles v. State, 312 So.2d 495 (Fla. 1st DCA 1975).
Second, the proposed testimony which would be later produced merely was cumulative and would only tend to impeach the prosecution witness. See Machin v. State, 213 So.2d 499 (Fla.3d DCA 1968).
As defendant made no written motion or timely demand therefor, we have also determined that there is no merit in his second argument that he was deprived of his right to a speedy trial. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972).
Affirmed.