## QUACKENBUSH v. QUACKENBUSH.
### No. 75-1634-CA(D)03-B.
Circuit Court, Palm Beach County.
January 12, 1978.

Craig R. Wilson, West Palm Beach, for the former wife.

Herbert C. Gibson, West Palm Beach, for the former husband.

DANIEL T. K. HURLEY, Circuit Judge.

*Order confirming in part and disapproving in part report and recommendations of special master and modifying final decree of dissolution:* This cause came on before the court upon the former-wife's and the former-husband's exceptions to the report and

recommendations of the special master. At the outset it should be noted that a final judgment was entered in this cause by the Honorable W. C. Williams on June 3, 1976. Thereafter the former-wife filed a motion for rehearing on June 14, 1976; said motion was denied on June 17, 1976 and it appears that these orders were not appealed. Thus on August 18, 1976 and again on September 20, 1976, when the former-wife filed a petition for modificiation, and on November 12, 1976, when the former-husband filed a counter-petition for modification, each party assumed the burden of demonstrating that there had been "a substantial change in circumstances," *Taplin v. Taplin*, 341 So.2d 1064 (Fla. 3d DCA 1977) since the entry of the June 3rd final judgment.

On January 10, 1977, the Honorable Culver Smith, referred the amended petition and counter-petition to the Honorable Stanley J. Narkier as special master. Pretrial proceedings were conducted and the matter came on for hearing before the master on May 3rd and 4th, 1977. His report and recommendations were filed on July 12, 1977, and exceptions by both parties were duly noted thereafter. In considering these exceptions the following principle must be borne in mind — "The findings of fact and recommendations of a special master should be approved and adopted by the chancellor unless clearly erroneous or it appears that the master has misconceived the legal effect of the evidence." *Claughton v. Claughton*, 347 So.2d 437 (Fla. 3d DCA 1977). The master's findings should not be disregarded or overruled by the chancellor simply because of an opinion by the chancellor at variance with that of the master. *Happing v. Lovejoy*, 53 So.2d 704 (Fla. 1951).

# I

## *Increase of child support*

Turning now to the issues at hand, the master recommended that the final judgment be modified to permit a $50 increase per month for the support of the minor child Stephen. The June 3rd final judgment required a payment of $250 per month; the master recommended an increase up to $300 per month for Stephen. The thrust of the former-husband's exception to this recommendation is that (1) there has been no substantial change in the child's circumstances since June 3, 1976 and (2) the child's physical condition was fully presented to and considered by the trial court prior to the entry of the final decree. In essence, the former-husband argues that the former-wife is attempting to utilize a motion to modify in lieu of an appeal from the final decree.

The facts as presented to the special master indicate that the child, Stephen, suffers from portal hypertension — pressure resulting from a scarring and blocking of the vein system in the liver and

spleen. (Tr. March 31, 1976 p.51.) This necessitated hospitalization, testing and major and minor surgery prior to the entry of the final decree. Without question, these are matters which were brought to the trial court's attention prior to the entry of its final judgment on June 3, 1976. (See Tr. March 31, 1976 pp.47-57 and 63.) However, on July 19, 1976, following the entry of the final judgment, Stephen was taken to Gainesville for an operation involving the splenetic vein (Tr. March 31, 1976 at 53) which is referred to as a portal shunt. (Tr. p.234.) While the possibility of this operation had been foreseen by the trial judge, (Tr. March 31, 1976 p.53) it was not anticipated that it would occur in the immediate future (Tr. March 31, 1976 p.53.) Though the former-husband's insurance covers the major costs involved (Tr. pp.67-71 and p.74), there are numerous, continuing incidental expenses which must be borne by the former-wife (1) travel and her accomodations while the child is in the hospital (Tr. March 31, 1976 p.53 and Tr. p.73); and ((2) frequent trips for medical and clinical checkups. (Tr. p.53.)

Reviewing the facts and testimony presented to the master, I conclude that his finding with respect to the necessity for increased child support is logical, well supported in the record, and accordingly merits confirmation by this court.

## II

### Rehabilitative alimony

The final decree of June 3, 1976, made the following provision for rehabilitative alimony —

> Husband shall additionally pay rehabilitative alimony of $200 per month commencing June 1, 1976, and to continue for one year up to and including May 1, 1977. At the end of this period upon proper motion the court will review the circumstances of the parties to determine whether further rehabilitative alimony is needed.

In response to the former-wife's petition of August 18, 1976, and her amended petition for modification of September 20, 1976, the special master found —

> That the former-wife is in need of further rehabilitative alimony and that the former-wife has demonstrated an actual and substantial change of circumstances as of the date of filing the amended petition for modification and continuing as it relates to the child support for the youngest child born to the marriage, Stephen Quackenbush.

The master then recommended —

> That the final judgment entered herein on June 3, 1976, be modified to require the former-husband to pay rehabilitative alimony of $200

per month commencing August 1, 1977, and to continue for a period of two years up to and including July 1, 1979. At that time, it is recommended that the court again review the circumstances of the parties to determine whether further rehabilitative alimony is needed upon proper motion to the court.

The record before the special master reflects that the former-wife continues to be unemployed (Tr. p.13) and that this situation is necessitated by the special needs (Tr. pp.57-60) and condition of Stephen (Tr. p.53). As such, the master's finding and recommendation are well supported by the record.

The former-wife has excepted to the master's recommendation of a commencement date of August 1, 1977. She contends that her needs have been constant since the filing dates of her petition (August 18, 1976) and amended petition (September 20, 1976) and that it was error for the master to allow a two month hiatus without rehabilitative alimony. (Under the June 3rd decree, alimony terminated on May 1, 1977. Under the master's recommendation it would recommence on August 1, 1977.) The former-wife relies upon *Romona v. Romona*, 244 So.2d 547 (Fla. 3d DCA 1971) for the proposition that the master could have made the alimony retroactive to the filing date of the petition for modification.

In that the court has previously determined that the master's findings of fact fully justify a continuance of rehabilitative alimony, the question is whether the master's recommendation of August 1, 1977 as a commencement date is "clearly erroneous" or whether in establishing this date, the master "has misconceived the legal effect of the evidence." *Frank v. Frank*, 75 So.2d 282, 285 (Fla. 1954). It is axiomatic that an award of rehabilitative alimony must be based on the particular facts and circumstances of each case with due regard for the basic principles of the wife's need and the husband's ability to pay. *Goldberg v. Goldberg*, 327 So.2d 828 (Fla. 3rd DCA 1976).

Here, Judge Williams found that the former-wife's need for rehabilitative alimony extended until May 1, 1977. The master found that Stephen's condition and needs had a direct impact upon the former-wife's ability to secure and maintain outside employment. Thus he continued the rehabilitative alimony for an additional two year period. In reflecting upon the master's determination, it should be remembered that Stephen's operation occurred on July 19, 1976, prior to the original termination date. (Tr. p.234.) The child's needs and therefore the necessity of his mother to respond to those needs existed prior to the May 1, 1977 termination date and clearly existed during the hiatus period. Given these facts, I conclude that the master's recommendation is erroneous.

The uncontradicted evidence indicates that the former-wife's needs existed as of the original termination date, that they continued to exist throughout the hiatus period, and that they will continue to exist for a substantial time in the future. The evidence further indicates that for all three time frames, the former-husband has been and will continue to be fully able to meet the former-wife's needs. Accordingly, I conclude that the master's failure to award rehabilitative alimony for June and July of 1977, constitutes an abuse of discretion. Given the findings set forth above, together with the law governing the award of rehabilitative alimony, I conclude that the master misconceived the legal effect of the evidence. The former-wife is entitled to alimony for June and July of 1977.

### I I I

*Refusal to grant continuance or admit doctor's testimony*

In paragraph 8 of her amended petition, the former-wife alleged the need for corrective dental work on one of the children. At the May 3rd and 4th hearing, she testified that the family dentist recommended that her daughter Tammy see an orthodontist. The child was examined by a Dr. Strasser who recommended corrective braces. (Tr. pp.38-40.) To further support this contention, counsel for the former-wife attempted to introduce the deposition of Dr. Strasser (Tr. pp.184-188.) Counsel for the former-husband objected, noting that the deposition was not listed on the pretrial statement (Tr. p.184), that only recently had he become aware of Dr. Strasser (Tr. p.185), and that he was not prepared to rebut such testimony. At this juncture the former-wife's counsel requested a continuance (Tr. p.189) and the former-husband's counsel indicated that he had no objection as long as he was given a proper period of time to consult an expert (Tr. p.189). The master reserved ruling and the matter was considered again later that afternoon. (Tr. pp.254-267.) At that time, counsel for the former-husband restated his objection to the introduction of the deposition (Tr. p.255 and p.261) and voiced an objection to the motion to continue (Tr. pp.262-263.) Thereupon the master sustained the objections, (Tr. pp.265-266), refused to allow the introduction of the deposition, and though he found that a continuance ". . . possibly would cure some prejudicial effect to the former-husband, . . . ," denied the motion for a continuance. (Tr. pp.265,266.)

To reiterate, at this stage in the proceedings the court is not at liberty to vacate a master's action simply because of a disagreement with the course taken. The master's determination is entitled to a presumption of correctness and it will not be disturbed absent a finding of abuse of discretion or a subsequent determination that it was clearly erroneous. Normally, a determination to grant or deny

a motion for continuance is a matter within the sound discretion of the trial judge or the master. *Mills v. State,* 280 So.2d 35 (Fla. 2nd DCA 1973) and *Angell v. State,* 271 So.2d 37 (Fla. 3rd DCA 1972).

Nevertheless, there are instances, such as the case at bar, where to deny a motion to continue occasions such injury and prejudice to the moving party that it constitutes an abuse of discretion which is clearly erroneous. Without doubt, the master was correct in sustaining counsel's objection to the introduction of the doctor's deposition. Counsel for the former-wife erred in his preparation of the case and the former-husband should not have been made to suffer because of opposing counsel's failures. So too, the children should not have been made to suffer the loss of what may be necessary dental care because of an arbitrary ruling. Justice demands a full exposition of the issues; the exclusion of witnesses is viewed with disfavor and should be a sanction of last resort. Cf. *Dumas v. State,* 350 So.2d 464 (Fla. 1977) and *Williams v. State,* 264 So.2d 106 (Fla. 4th DCA 1972).

Indeed, Judge Smith's very purpose in referring this matter to a special master was to take it from a crowded calendar and place it in a forum where it could receive the time and attention it deserved. See order of reference dated January 10, 1977. Within the context of this case, the master's decision to deny the motion to continue constituted an arbitrary decision. It effectively precluded judicial review of the health and welfare of the children and as such it was an abuse of discretion which was clearly erroneous.

## I V

### *Additional exceptions*

The court has reviewed and considered additional exceptions filed by the former-wife and by the former-husband and has found them to be without merit.

Accordingly, it is ordered and adjudged that the finding of the special master regarding the necessity to increase child support for the minor child Stephen be, and the same is herewith confirmed, and it is therefore ordered and adjudged that the final judgment entered in this cause on June 3, 1976, be and the same is herewith modified to the extent of requiring the former-husband to pay the sum of $300 per month for the support of the minor child, Stephen Quackenbush, in addition to continuing the support of $250 per child per month for each of the other two children born to the marriage with all child support payments to continue until each child's eighteenth birthday or other legal emancipation. Said modification shall be effective as of August 18, 1976 and the arrearage

which has accrued shall be due and payable 30 days from the entry of this order. As previously ordered, all child support shall be payable on the first day of each month and all such payments shall be made through the office of the clerk of the court as heretofore required.

It is further ordered and adjudged that the findings and recommendations of the special master regarding the continuation of rehabilitative alimony are confirmed in part and disapproved in part, and it is therefore ordered and adjudged that the final judgment entered herein on June 3, 1976, be, and the same is hereby modified so as to require the former-husband to pay rehabilitative alimony of $200 per month for a period of two years and two months. Said payments shall commence on June 1, 1977, and shall continue up to and including July 1, 1979. The accrued arrearage shall be payable in full within 30 days of the entry of this order. As previously ordered, all alimony payments shall be made through the office of the clerk of the court. Furthermore, the court explicitly reserves jurisdiction over the parties and this cause to review again the circumstances of the parties and determine whether further rehabilitative alimony is required after the 1979 termination date.

It is further ordered and adjudged that the findings and recommendation of the special master regarding the payment of the former-wife's attorney's fees by the former-husband be and the same are herewith confirmed, and it is therefore ordered and adjudged that within 30 days of the entry of this order the former-husband shall remit the sum of $3,900 ((said figure represents $3,000 as recommended by the master and confirmed by the court together with $900 for additional representation — the latter figure was testified to at the hearing on exceptions) as attorney's fees to counsel for the former-wife, together with costs which shall be determined at a later time upon proper motion by the parties.

It is further ordered and adjudged that the recommendation of the special master regarding the denial of relief prayed for by the former-husband in his counter-petition for modification be and the same is herewith confirmed, and it is therefore ordered and adjudged that the relief prayed for by the former-husband in his counter-petition be and the same is herewith denied.

It is further ordered and adjudged that the action of the special master in denying the former-wife's motion to continue be and the same is herewith disapproved, and it is therefore ordered and adjudged that the action of the master in denying the former-wife's motion to continue is herewith vacated and set aside and said motion to continue the hearing on the allegations set forth in paragraph 8 of the former-wife's amended motion for modification is.

herewith granted. The hearing shall be held before this court in Room 333-L of the County Courthouse at West Palm Beach on February 1, 1978 at 4:30 p.m. Both parties are herewith notified to be prepared to offer proof in support of or in defense of the need for corrective dental work on the child, Tammy.