PER CURIAM.
Appellant was adjudged to be a mentally-disordered sex offender pursuant to Chapter 917, Florida Statutes (1975), on November 10, 1975. After the committing court was notified that the treatment of the appellant had been completed, a hearing was held May 23, 1977, to determine whether the appellant met the criteria for release as specified in Section 917.20, Florida Statutes.[1] We think the court erred in its determination that the department had exhausted all treatment for the appellant.
The testimony at the hearing clearly revealed that treatment which might be beneficial to the appellant was available within the Department of Health and Rehabilitative Services, although such treatment would require the transfer of the appellant to another facility. Thus the testimony showed that the department had not exhausted all treatment for the appellant, and therefore the appellant did not meet the statutory criteria for discharge. Under these circumstances, the trial court was required to recommit the appellant pursuant to Section 917.20, Florida Statutes.
Therefore, the sentence imposed by the trial court is vacated and the cause is remanded for further proceedings consistent with this opinion.
McCORD, C. J., and BOYER and SMITH, JJ., concur.

. The court by an order dated July 22, 1977, found the appellant met the criteria for release under Section 917.20, as amended by § 19 of Chapter 77-312, Laws of Florida, (effective July 1, 1977), because although the appellant remained a present threat to others, the Department had exhausted all treatment for the offender.