PER CURIAM.
O’Steen was adjudged to be a mentally disordered sex offender pursuant to Chapter 917, Florida Statutes (1975), on December 7, 1976. The committing court was notified by the clinical director of the North Florida Evaluation and Treatment Center that O’Steen had undergone complete evaluation and treatment and that, as reported in the clinical summary, he had reached full benefits and was ready for return to the court’s jurisdiction. At the hearing on January 20, 1978, the court relied upon the letter and the clinical summary as concluding that' treatment had been exhausted. However, the clinical summary recommended that O’Steen be transferred to South Florida State Hospital and be placed in a particular program which would be more suitable for treating O’Steen. Therefore, we find this case is controlled by Washington v. State, 355 So.2d 464 (Fla. 1st DCA 1978) wherein this court stated:
The testimony at the hearing clearly revealed that treatment which might be beneficial to the appellant was available within the Department of Health and Rehabilitative Services, although such treatment would require the transfer of the appellant to another facility. Thus the testimony showed that the department had not exhausted all treatment for the appellant, and therefore the appellant did not meet the statutory criteria for discharge. Under these circumstances, the court was required to recommit the appellant pursuant to Section 917.20, Florida Statutes.
Therefore, the sentence imposed by the trial court is vacated and the cause is remanded for further proceedings consistent with this opinion.
MILLS, Acting C. J., and SMITH and ERVIN, JJ., concur.