PER CURIAM.
Appellant was adjudicated guilty and sentenced to a term of ten years in the state penitentiary for the crime of sexual battery by use of force not likely to cause serious personal harm, in violation of Section 794.011(5) Florida Statutes (1974).
*1074 The sole point on appeal is whether the trial court erred in refusing to certify the defendant as a mentally disordered sex offender pursuant to Section 917, Florida Statutes (1977).
The record reflects that appellant was evaluated by a psychiatrist who testified that appellant demonstrates “a history of psychosexual disturbance and exhibits disturbed ■ behavior which has existed for a period of several years” and that he “could benefit by psychotherapeutic approaches and could fulfill the criteria of the mentally disturbed sex offender.”
From our consideration of the record, we have concluded that the trial court abused its discretion in refusing to certify appellant as a mentally disturbed sex offender pursuant to Section 917 Florida Statutes. Hendricks v. State, 360 So.2d 1119 (Fla. 3d DCA 1978).
Accordingly, the sentence imposed herein is hereby vacated and the cause is remanded to the trial court with directions to conduct the requisite hearing pursuant to Section 917 to determine whether or not appellant is a mentally disordered sex offender. If he so qualifies the trial court must commit him to the Department of Health and Rehabilitive Services for care, treatment, and rehabilitation pursuant to the statute; if appellant is not found to qualify as a mentally disordered sex offender, he may then be properly sentenced in accordance with the applicable law.
The conviction is affirmed, but the sentence is vacated and the cause is remanded to trial court with directions. '