SCHEB, Acting Chief Judge.
Appellant, Douglas Poff, was originally charged with first degree murder. Pursuant to a plea bargain, Poff entered a plea of no contest to manslaughter. During a colloquy between Poff and the court, the judge ascertained that Poff understood the significance of his plea and that he could receive fifteen years imprisonment. The judge then adjudicated Poff guilty of the offense of “vehicular homicide, manslaughter” and sentenced him to fifteen years.
On appeal Poff contends that he was sentenced for the charge of vehicular homicide, a felony of the third degree, under Section 782.071, Florida Statutes (1977), not manslaughter, a felony of the second degree, under Section 782.07, Florida Statutes (1977). He argues, therefore, that he should be sentenced to a maximum of five years imprisonment under Section 782.071.
Poff’s contention has no merit. From an examination of the colloquy between Poff and the court regarding his plea and the factual basis for that plea, it becomes clear that Poff pled no contest to a charge of manslaughter, with the understanding that the maximum penalty could be fifteen years. Accordingly, we affirm the judgment of conviction and sentence but remand and direct the trial court to correct the record to show that Poff was convicted of manslaughter under Section 782.07. See State v. Burton, 314 So.2d 136 (Fla.1975).
OTT and RYDER, JJ., concur.