378 So.2d 114 (1980)
Mervyn Harold CROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1651/T4-170.
District Court of Appeal of Florida, Fifth District.
January 2, 1980.
*115 Richard L. Jorandby, Public Defender, Tatjana Ostapoff, Chief, App. Div., and Gary S. Israel, Legal Intern, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, and Phillip Havens, Asst. Atty. Gen., Daytona Beach, for appellee.
COBB, Judge.
The defendant was adjudged guilty in 1975 of two counts of indecent assault and committed to the Department of Health and Rehabilitative Services as a mentally disordered sex offender under Chapter 917, Florida Statutes.
A hearing was set for July 7, 1978, in circuit court for the purpose of determining if the defendant should be discharged from HRS and sentenced for the adjudicated crimes. Defense counsel moved for a continuance at the beginning of the hearing because the required report for discharge under Section 917.20, Florida Statutes (1977), had arrived only one or two hours before the hearing. Counsel had only half an hour immediately prior to hearing to talk with the defendant, and counsel stated he was unprepared to proceed. The motion was denied.
At the hearing, evidence in the form of a telegram from the Director of the Forensic Unit at the Florida State Hospital, an attorney, together with a hospitalization summary, were admitted into evidence over defense objection. Also, the assistant state attorney was allowed to testify, over objection, concerning information related to him in telephone conversations with doctors at Florida State Hospital.
Based upon the hearsay evidence presented, the trial court discharged defendant from HRS and sentenced him to consecutive terms of imprisonment for the two offenses.
The defendant contends that the trial court erred in denying the motion for continuance and in denying his right of cross-examination of witnesses at the hearing as mandated by Sections 917.20 and 917.18, Florida Statutes (1977).
In regard to the first point, we believe the action of the trial court constituted a deprivation of the right to effective counsel as guaranteed by the Sixth Amendment to the Constitution of the United States. French v. State, 161 So.2d 879 (Fla. 1st DCA 1964). As a result of the denial of the continuance, defendant also was deprived of any realistic opportunity to present witnesses in his own behalf. Washington v. Texas, 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967); Chambers v. Mississippi, 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973). See also, Thomas v. State, 243 So.2d 200 (Fla. 2d DCA 1971).
The trial court also erred in allowing into evidence the hearsay evidence related by the assistant state attorney, the telegram from the Director, and the hospitalization summary. State v. Inman, 347 So.2d 791 (Fla.3d DCA 1977), cert. denied, *116 355 So.2d 517 (Fla. 1978); White v. State, 301 So.2d 464 (Fla. 1st DCA 1974).
The 1979 Florida Legislature repealed Chapter 917, the previous statutory law regarding mentally disordered sex offenders, effective July 1, 1979. Chapter 79-341, Laws of Florida. The 1979 act provides that those persons committed to HRS as mentally disordered sex offenders prior to the date of July 1, 1979, shall be returned to the committing court for recommencement of criminal proceedings.
Since we find that the proceedings of July 7, 1978 relating to Mervyn Cross' discharge from treatment and consequent criminal sentence were constitutionally infirm, the defendant fits into that class of persons referred to in the 1979 act who have not completed the treatment program.
Accordingly, we quash the trial court's order of discharge from treatment entered on July 5, 1978, and vacate the sentence of the court for Counts I and II, Case No. 74-56, Osceola Circuit Court, imposed on July 7, 1978. Accordingly, the custody of the defendant, Mervyn Cross, immediately should be transferred from the Department of Corrections to the Department of Health and Rehabilitative Services, to which he was committed by the 1975 order of the trial court. This case is remanded to the trial court for further proceedings consistent with this opinion and with the provisions of Ch. 79-341, Laws of Florida. Those proceedings will entail imposition of sentence by the trial court at such time as the Department of Health and Rehabilitative Services administratively determines that Mervyn Cross has completed the treatment program and returns him to the committing court for recommencement of criminal proceedings. See Section 2, Ch. 79-341.
ORDER OF DISCHARGE QUASHED, SENTENCE VACATED AND CAUSE REMANDED WITH DIRECTIONS.
DAUKSCH, C.J., and ORFINGER, J., concur.