ROBERT P. SMITH, Jr., Judge.
Cummings, convicted of sexual battery and committed to the Department of Health and Rehabilitative Services as a mentally disordered .sex offender, Chapter 917, Florida Statutes (1977), complains on this appeal that the trial court erred in removing him from the Department’s custody for imprisonment pursuant to sentence without holding an evidentiary hearing on the issue of whether the Department has exhausted all available treatment. On receiving the Department’s report that all available treatment had been exhausted, the court scheduled a hearing on pending matters but refused an evidentiary hearing and proceeded to sentencing.
Citing Washington v. State, 355 So.2d 464 (Fla. 1st DCA 1978), and O’Steen v. State, 366 So.2d 844 (Fla. 1st DCA 1979), in which evidentiary hearings were had by the court, Cummings urges that he also is entitled to controvert and adduce proof refuting the Department’s decision that it has exhausted all available treatment. We affirm.
While an evidentiary hearing was had in Washington, and the efficacy of a hearing was assumed in that case, O’Steen was decided on the basis of facts appearing in the Department’s report. In neither case was an issue raised or decided concerning the necessity for an evidentiary hearing. Moreover, Section 917.20(2) was amended by Chapter 77-312, Section 19, Laws of Florida, to provide in part:
if the department returns an offender to the court because the department has determined that it has exhausted all treatment for the offender, the court shall remove the offender from the custody of the department. .
For the following reasons stated by Circuit Judge Clark, we agree with his conclusion that Section 917.20(2), Florida Statutes (1977), did not require that .Cummings be afforded a trial before the court on the issue of whether the Department had exhausted all available treatment:
The Court has determined as a matter of law that Section 917.20(2) requires the court to remove the offender from the custody of the Department when it has exhausted all treatment for the offender. Although that fact contemplates a hearing when the offender is returned to the Court, the only issue before the Court is whether a valid written report has been filed with the committing court stating that the Department has exhausted all treatment of the offender. The written report contains that recital including a statement that the offender’s case has been reviewed by the Department’s Interdepartmental Screening Committee which unanimously supported that finding. It is clear from a reading of Chapter 917 that the legislature did not intend to put the Department of Health and Rehabilitative Services on trial each time it filed a written report that it has exhausted all appropriate treatment . . .
AFFIRMED.
LARRY G. SMITH and WENTWORTH, JJ., concur.