HOBSON, Acting Chief Judge.
The court consolidated two appeals from final judgments convicting appellant of three counts of sexual battery and two counts of burglary. The appellant assigns as error: 1) the trial court’s failure to certify him as a mentally disordered sex offender pursuant to Chapter 917, Florida Statutes (1977); and 2) the trial court’s imposition of sentences in excess of the statutory maximum for the three sexual battery charges.
Section 917.14, Florida Statutes (1977), provides for an examination and hearing in the circuit court to determine whether a defendant is a mentally disordered sex offender:
(1) If a defendant has been convicted of or has pleaded guilty or no contest to an offense or attempted offense in a current prosecution, the court may defer sentencing and certify him'for a hearing and examination in the circuit court to determine whether he is a mentally disordered sex offender.
(2) The court may certify a defendant under subsection (1) on its own motion, oh motion by the State Attorney or the defendant, or on application by affidavit of the defendant.
Under Sections 917.14 through 917.20 the court appoints not less than two experts to make personal examinations of the defendant. These experts make a written report to the court including all facts necessary to assist the judge in passing sentence on or committing the defendant. The court then holds a hearing to determine whether the defendant is a mentally disordered sex offender. The court or the parties- may call the appointed .experts, and the parties may cross-examine them in the same manner as any other witness. Additional witnesses may be called to give material testimony. If the court finds that the defendant is a mentally disordered sex offender it must commit him to the custody of the Department of Health & Rehabilitative Services for care, treatment and rehabilitation. The department is periodically required to file a *1124 report describing treatment received and a diagnosis of the offender’s current condition. Within sixty days of receipt of this report the court must set a hearing date. If the court determines the offender is still dangerous, it orders his return for further treatment. However, if the court finds the department has exhausted all treatment for the offender or that he has improved to the extent he no longer meets the definition of an offender, the court orders him discharged from the department’s custody. Upon his discharge, criminal proceedings recommence. If the court finds the offender has been successfully rehabilitated by the treatment program, it may place the offender on probation. If the court, however, finds the offender continues to present a danger to others it may sentence him.
The purpose of Chapter 917 appears to be two-fold. Initially, it provides treatment for a narrowly defined class of sex offenders who, upon release after serving a term of imprisonment without treatment, are likely to continue to commit sex crimes. This provision recognizes that for some offenders institutional treatment may be instrumental in their rehabilitation, while conventional imprisonment will not. In addition, this statute requires the treatment to be prior to sentencing. Thereafter, the trial judge uses the department’s report to decide whether to sentence the defendant, place him on probation, or recommit him to the department’s custody for further treatment. While certification is within the court’s discretion, the court’s failure to certify a defendant who makes a strong, showing that he meets the qualifications constitutes an abuse of discretion. Section 917.-13(1) states:
(1) A ‘mentally disordered sex offender’ or ‘offender’ is a person who:
(a) Has been convicted of or pleaded guilty or no contest to a sex offense or attempted sex offense in a current prosecution;
(b) Suffers from a nonpsychotic mental or emotional disorder, yet is competent; and
(c) Is likely to commit further sex offenses if permitted to remain at liberty.
The defendant in this case meets all three qualifications because: he was convicted of sexual battery, the reports of an institution where he received treatment confirmed his mental disorder, and a court-appointed psychiatrist stated that if he were released without treatment he would be likely to commit similar crimes.
This statute provides the trial judge with assistance in determining the proper disposition of a defendant who has the propensity to commit a crime which the legislature determined both to involve a high rate of recidivism without treatment and be highly treatable. The legislature found that the trial judges needed professional medical assistance in this determination. Because the defendant could be released from prison, making treatment to prevent repeat offense important, and because the defendant’s mental condition and susceptibility of treatment are not readily determinable by the trial judge as the record reflects, this is an appropriate case for invoking the Chapter 917 procedure. Accordingly, the trial judge abused his discretion in failing to follow the statutory procedure.
In Hendricks v. State, 360 So.2d 1119 (Fla. 3d DCA 1978), the defendant alleged the lower court erred by refusing to follow Chapter 917 procedure. There, the only evidence that the defendant’s disorder came within the statutory definition of a mentally disordered sex offender was the testimony of one psychiatrist. The appellate court, on the basis of the psychiatrist’s recommendation, concluded that the trial court’s failure to certify the defendant was an abuse of discretion. Hendricks was recently approved by this court in Rosier v. State, 374 So.2d 1041 (Fla. 2d DCA 1979), in which we held that where the defendant makes a strong and unrebutted showing that he meets the qualifications, the trial judge must certify him pursuant to Chapter 917. In Rosier, the strong showing consisted of two reports, one by a psychiatrist, the other by a psychologist, each of whom stated that the defendant was a mentally disordered sex offender. In the instant case the court- *1125 appointed psychiatrist, Dr. Walter E. Afield, stated that the appellant was
on the borderline of meeting the Florida Statutes of Sex Offenders. By history, he does meet those statutes. He has had a history of severe emotional problems in the past and still has them and needs treatment. . . Incarceration without treatment would be a mistake.
The report also stated:
Clearly he does have some sexual problems . . ..In terms of a future disposition, once the legal situation is resolved this young man should be in a treatment situation. He could qualify under the Statutes for the Florida Sex Offender, Statute 917 . .. The difficulty is that this man will be out again in the future and without treatment he would become a problem.
The reports of the psychiatrist and the Hempstead Correctional Institution established the appellant’s mental disorder and the unrebutted information in these reports suggests his propensity to commit sex offenses. Therefore, the appellant should be certified and examined by two psychiatrists and on the basis of their testimony the trial judge should decide whether the appellant is a mentally disordered sex offender.
The appellant was charged under Section 794.011(4)(c) which provides that a sexual battery in which the offender coerces the victim to submit by threatening retaliation is a first-degree felony. Section 775.-082(3)(b), Florida Statutes (1977), provides the maximum term for this offense is thirty years.
The parties agree that this court should remand the judgment and sentence to the trial court with instructions to reduce the sentence for each sexual battery not to exceed thirty years. The appellee, however, contends that on remand the trial court should be instructed to change the thirty-year sentence for each burglary to life imprisonment on the ground that the trial court inadvertently transposed the counts. The State’s argument is unsubstantiated by the record. At the appellant’s sentencing hearing, the assistant state attorney recommended that the court give the appellant two consecutive life sentences. Immediately thereafter, the court stated it was sentencing the appellant to life on the sexual battery charges and to thirty years on the burglary charges. The Florida Supreme Court has held that where the sentence on its face is clear it should not be altered by the reviewing court’s speculating about the trial judge’s intent. Fallagan v. Wainwright, 195 So.2d 562 (Fla.1967).
The State relies upon Poff v. State, 376 So.2d 62 (Fla. 2d DCA 1979), to support its position that the defendant’s burglary sentence may be increased from thirty years to life upon resentencing. In Poff, the defendant entered a plea of no contest to the charge of manslaughter with the understanding that he could receive fifteen years imprisonment, the maximum sentence for this offense. The trial court properly adjudicated him guilty of this offense and sentenced him to the maximum term of imprisonment allowed by law. The final judgment, however, included a count of vehicular homicide, for which the maximum term of imprisonment was five years. On appeal the defendant contended he was sentenced for the charge of vehicular homicide and, therefore, he could be sentenced at most to five years of imprisonment. This court found the inclusion of the count of vehicular homicide in the trial judge’s order was a clerical error, susceptible of correction on remand by striking it from the order. The order would then reflect fifteen years for manslaughter. Thus, in Poff, there was no increase in the sentence, only a correction of a clerical error in the designation of the offense. Similarly, in Baxley v. State, 317 So.2d 851 (Fla. 1st DCA 1975), the appellate court remanded for a correction of the record where the judgment showed that the defendant had pleaded guilty to two counts of robbery when he actually pleaded no contest to a single count of robbery. No increase in sentence was involved.
The State claims, as justification for increasing the burglary sentences, that the trial court mistakenly sentenced appellant to life for the sexual batteries and to thirty *1126 years for the burglary. However, no mistake appears on the face of the record. The only problem with the sentences which appears in the record is that the life sentences for sexual battery were excessive. Therefore, the only correction that should be made by the trial court is to reduce the sentences on the sexual battery charges. Because the trial judge’s burglary sentences are clear, to increase them would be a violation of double jeopardy. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Flowers v. State, 351 So.2d 387 (Fla. 1st DCA 1977).
BOARDMAN and DANAHY, JJ., concur.