385 So.2d 172 (1980)
Herman Earl DURBIN, Appellant,
v.
STATE of Florida, Appellee.
Nos. 77-2232 and 78-150.
District Court of Appeal of Florida, Fourth District.
July 2, 1980.
Richard L. Jorandby, Public Defender, and Jon May and Wilber Stevenson, Jr., Asst. Public Defenders, West Palm Beach, for appellant.
*173 Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
ANSTEAD, Judge.
These are timely filed consolidated appeals by the defendant from an order revoking his probation and sentencing him to fifteen years in prison for indecent assault upon a child in Case No. 77-2232, and from a subsequent judgment in Case No. 78-150 following a plea of guilty to the offenses of burglary and sexual battery, for which the appellant was sentenced to concurrent terms of life imprisonment. At issue is whether the trial judges committed error in failing to adhere to the statutory scheme for treatment of mentally disordered sex offenders.
Appellant has a history of sexually-related criminal activity and has received extensive psychiatric treatment including some 16 months of inpatient treatment at the South Florida State Hospital.
On August 20, 1975, appellant was placed on ten years' probation for indecent assault. In August of 1977 appellant was charged with violating his probation by committing a burglary and alleged sexual battery on an eleven year old child. The trial court, acting upon a motion filed by appellant to determine his mental competence, ordered that appellant be examined by two psychiatrists, Doctors O'Lone and Eichart, and that the psychiatrists determine whether appellant was competent and whether he was in need of psychiatric treatment because of his sexually abnormal behavior. In their reports, one doctor was of the opinion that appellant was not a mentally disordered sex offender while the other felt appellant "might" come under the provisions of the act. Both reports detailed appellant's extensive criminal activity and psychiatric treatment. At the conclusion of the revocation hearing, the court revoked appellant's probation and denied appellant's request for a formal hearing as to his possible status as a mentally disordered sex offender, within the meaning of Chapter 917, Florida Statutes (1977).
Thereafter, appellant was prosecuted by information with regard to the offenses which led to the revocation of his probation. Again, two different doctors, Taubel and Cohn, were appointed by the court and submitted reports as to appellant's status as a mentally disordered sex offender. The reports again detailed appellant's unhappy past and unsuccessful psychiatric treatment. Dr. Taubel concluded that appellant was a mentally disordered sex offender but that since no tangible change in his behavior had occurred following his sixteen months of treatment at the state hospital, the value of additional treatments was questionable. The doctor suggested that a more informed response concerning the value of additional treatment could be obtained by asking medical personnel at the hospital, who were familiar with appellant, whether appellant would be an acceptable patient for re-entry into their program. Dr. Cohn agreed with Dr. Taubel's assessment of appellant's status. He also noted appellant's observation that, to him, the clinical advantage of the sex offender treatment program at the state hospital had been limited. At the sentencing hearing, following appellant's guilty plea to the offenses of burglary and sexual battery, the court conducted a hearing on appellant's request to be adjudicated a mentally disordered sex offender and concluded that appellant was a mentally disordered sex offender. However, the court refused to commit the appellant for treatment as a sex offender on the grounds that such treatment would be an exercise in futility in view of the extensive treatment already received by the appellant. The appellant was sentenced to concurrent terms of life imprisonment.
The procedure contemplated under Chapter 917 has been succinctly summarized in the recent decision of Gerardo v. State, 383 So.2d 1122 (Fla.2d DCA 1980):
Section 917.14, Florida Statutes (1977), provides for an examination and hearing in the circuit court to determine whether a defendant is a mentally disordered sex offender:

*174 (1) If a defendant has been convicted of or has pleaded guilty or no contest to an offense or attempted offense in a current prosecution, the court may defer sentencing and certify him for a hearing and examination in the circuit court to determine whether he is a mentally disordered sex offender.
(2) The court may certify a defendant under subsection (1) on its own motion, on motion by the State Attorney or the defendant, or on application by affidavit of the defendant.
Under Sections 917.14 through 917.20 the court appoints not less than two experts to make personal examinations of the defendant. These experts make a written report to the court including all facts necessary to assist the judge in passing sentence on or committing the defendant. The court then holds a hearing to determine whether the defendant is a mentally disordered sex offender. The court or the parties may call the appointed experts, and the parties may cross-examine them in the same manner as any other witness. Additional witnesses may be called to give material testimony. If the court finds that the defendant is a mentally disordered sex offender it must commit him to the custody of the Department of Health & Rehabilitative Services for care, treatment and rehabilitation. The department is periodically required to file a report describing treatment received and a diagnosis of the offender's current condition. Within sixty days of receipt of this report the court must set a hearing date. If the court determines the offender is still dangerous, it orders his return for further treatment. However, if the court finds the department has exhausted all treatment for the offender or that he has improved to the extent he no longer meets the definition of an offender, the court orders him discharged from the department's custody. Upon his discharge, criminal proceedings recommence. If the court finds the offender has been successfully rehabilitated by the treatment program, it may place the offender on probation. If the court, however, finds the offender continues to present a danger to others it may sentence him.
Appellant first contends that the court which revoked his probation improperly refused to certify him for a hearing pursuant to Section 917.18 after it had ordered appellant's examination by two psychiatrists and received reports which contained equivocal findings by both psychiatrists that appellant may or may not be a mentally disordered sex offender.
We believe that the reports were sufficient to require the trial court to conduct a hearing when requested to do so by the defendant claiming such status under the law. Donaldson v. State, 371 So.2d 1073 (Fla.3d DCA 1979); Hendricks v. State, 360 So.2d 1119 (Fla.3d DCA 1978). Both reports detailed the defendant's extensive history of deviant behavior and psychiatric problems including his previous hospitalization as a mentally disordered sex offender. Although the two psychiatrists seemed to be of different opinions as to the defendant's current mental status, both agreed that the defendant had serious problems. Under these circumstances the trial court had little choice in order to resolve the factual issue raised as to defendant's status but to order a hearing so that findings and conclusions thereon could be made.
Appellant also contends that the second trial judge committed error by failing to commit him to the custody of the Department of Health and Rehabilitative Services after determining that he was a mentally disordered sex offender. We agree. Section 917.19 requires that a mentally disordered sex offender shall be committed to the custody of the Department of Health and Rehabilitative Services for care, treatment, and rehabilitation. Gerardo v. State, supra; Hendricks v. State, supra; Donaldson v. State, supra. Once adjudicated as a mentally disordered sex offender the court is without authority to sentence such an offender to prison before he receives treatment. Gonsovowski v. State, 350 So.2d 19 (Fla.2d DCA 1977).
*175 While we concur in the trial court's conclusion that appellant's prior hospitalization, his extensive history of ineffective treatment, and his recurrent sexually related criminal activity make him a poor candidate for further treatment, the statutory scheme as it then existed clearly provided that the authority to determine whether all appropriate treatment for the offender had been exhausted rests with the Department of Health and Rehabilitative Services. Section 917.20 provides that any time after commitment, the department may file a written report with the committing court stating the facts which show that the department has exhausted all appropriate treatment for the offender. That report could, of course, include information relating to previous unsuccessful treatment. The committing court, following an appropriate hearing, can then order the offender removed from the custody of the department, and once removed, sentence him accordingly under the provisions of Section 917.215.
Although we believe it would be wiser to allow the trial court, prior to its decision to commit the offender for treatment, to assess the viability of further treatment for an individual adjudicated for the second time as a mentally disordered sex offender, the statute makes no provision for such authority. The current statute, Section 917.012(1)(f), Florida Statutes (1979), alleviates that situation by providing that no person previously committed to the Department of Health and Rehabilitative Services as a sex offender under Chapter 917 who commits a subsequent offense shall again be committed for treatment pursuant to the act. However, the clear import of that statute, as well as the preceding Section 917.011, convinces us that the legislature did not intend for the new act to apply retroactively.[1] This conclusion is buttressed by our belief that the provision of the new act alters substantive rights conferred by the 1977 statute.[2] It is axiomatic that statutory changes in law are presumed to apply prospectively. Johnson v. State, 371 So.2d 556 (Fla.2d DCA 1979).
Because of the course of events that have occurred in this case, we find it unnecessary to remand for a formal hearing in Case No. 77-2232 as to appellant's possible status as a mentally disordered sex offender. Accordingly, the orders sentencing appellant are reversed and this cause is remanded with directions in both cases that appellant be committed to the custody of the Department of Health and Rehabilitative Services subject to the continuing authority of the trial courts to resentence the appellant upon release from the custody of the Department.
REVERSED AND REMANDED WITH DIRECTIONS.
MOORE and BERANEK, JJ., concur.
NOTES
[1] Statutes will not be given retroactive application unless such application is stated in clear and explicit terms. See e.g. Trustees of Tufts College v. Triple R Ranch, Inc., 275 So.2d 521 (Fla. 1973); Taylor v. Florida Crimes Compensation Commission, 367 So.2d 720 (Fla.3d DCA 1979).
[2] See Castle v. State, 305 So.2d 794 (Fla.4th DCA 1975), affirmed 330 So.2d 10 (Fla. 1976).