COBB, Judge.
The petitioner Cross seeks to prohibit the trial court from conducting a sentencing hearing scheduled pursuant to a notice to the trial court from the Department of Health and Rehabilitative Services (HRS) that the Department “has exhausted all appropriate treatment” for Cross, previously committed to it in 1975 as a mentally disordered sex offender. See Cross v. State, 378 So.2d 114 (Fla. 5th DCA 1980). The crux of the petition is that Cross is entitled to further treatment by HRS and that the staff decision to discontinue treatment was the result of threats and intimidation by the Unit Director of the treatment center.
The matters raised by the petition can be evidenced to the trial judge at the sentencing hearing. If he finds that the notice dated July 14, 1980, from HRS was induced or procured by fraud, he has the authority to re-commit Cross to HRS for completion of his treatment. See § 917.011, Fla.Stat. (1979). Indeed, the trial court has already taken evidence in this regard on September 11,1980, and continued the matter for further hearing on September 26, 1980. This is not a matter to be determined initially by this Court through the vehicle of prohibition. English v. McCrary, 348 So.2d 293 (Fla.1977).
*1227 The petition for writ of prohibition is denied.
DAUKSCH, C. J., and ORFINGER, J., concur.