MOORE, Judge.
The appellant appeals a fifteen year prison sentence entered upon revocation of probation. His sole contention on appeal is that the trial court erred in not certifying him for a hearing pursuant to Section 917.-14, Florida Statutes (1977) to determine whether he was a mentally disordered sex offender. We agree with this contention and reverse the sentence in accordance with our opinion in Durbin v. State, 385 So.2d 172 (Fla. 4th DCA 1980).
The appellant was placed on probation in 1974 after having pled guilty to a charge of indecent assault upon a child. Two psychiatrists were appointed by the court to examine the appellant. Although one of the psychiatrists reported that appellant was *1049 mildly retarded, neither one believed him to be a mentally disordered sex offender at that time.
In 1976, the appellant’s probation was extended as a result of his having been found guilty of committing a burglary. The probation was again extended in 1978 when appellant was found guilty of having failed to comply with the special conditions of his probation. As a special condition of the extended probation, the appellant was required to participate in a live-in drug rehabilitation program. In January, 1979, appellant was charged with violating his probation by kidnapping and sexually battering a thirteen year old male. Two psychiatrists were again appointed to examine the appellant. Although both agreed that the appellant was competent to stand trial, one of the psychiatrists (who had also examined appellant in 1974) stated that appellant needed to be in a rehabilitative program that was more psychiatrically oriented than those in which he had participated in the past. The other psychiatrist reported:
There is no doubt that the subject does have a sexual deviation and must be considered to be a mentally disordered sex offender, being free of a major mental disorder but being preoccupied with and motivated towards sex, this being apparently his third episode of homosexual pedophilia.
Although there is some question whether he could benefit from the sex offender’s program in the Division of Mental Health state hospital system, a more proper evaluation should be done by the hospital staff to consider him for such a program and without further testing, it is my opinion that he would qualify marginally for such a program at this time.
With this evidence before him, the trial court should have certified the appellant for a hearing to determine whether he was a mentally disordered sex offender and the failure to do so was an abuse of discretion. Accordingly, the sentence imposed upon the appellant is reversed and this cause is re-. manded with direction to conduct such a hearing. See, Durbin, supra.
REVERSED and REMANDED.
ANSTEAD and GLICKSTEIN, JJ., concur.