PER CURIAM.
The defendant appeals from an order of sentencing and an order denying his motion for recommitment to a program for mentally disordered sex offenders. The record reflects the following.
The defendant was charged with three counts of kidnapping, two counts of involuntary sexual battery, two counts of robbery, and one count of unlawful possession of a firearm while engaged in a criminal offense. He pleaded guilty to every count but Count 4, to which he pleaded nolo. The defendant was also charged with burglary of a conveyance, petit theft, and unlawful possession of a firearm while engaged in a criminal offense. He pleaded guilty to all three counts. After evaluation, the court adjudicated the defendant guilty and committed him as a mentally disordered sex offender, to the custody of the Department of Health and Rehabilitative Services.
On July 5,1979, the Department made its annual report to the judge, stating that: “It was the concensus of the Board that Mr. Jackson is responding somewhat to treatment and should remain in the program with no extension of privileges at this time.” The report further stated, however, that: “It is apparent that Mr. Jackson has assumed a ‘tough guy’ image and, with the help of his size and sporadic incidents of physical violence, he intimidates both staff *871 and his peers. Additionally, he has been overheard to say that he will attempt to physically harm program members who confront him.”
Thereafter, on August 22, 1979, the Department forwarded a letter to the court terminating his commitment to the program in that he was not responding to the treatment and had made little progress. The court ordered the defendant to be returned for sentencing; it ordered a pre-sen-tence investigation from the Florida Parole & Probation Commission on October 4,1979. A hearing was held on the Department’s letter on December 6,1979. After considering the pre-sentence investigation, the court denied the defendant’s motion for recom-mitment and sentenced him.
The defendant now appeals, claiming that he did not obtain a fair hearing on the issue of whether the Department has “exhausted all treatment”. Durbin v. State, 385 So.2d 172 (Fla.4th DCA 1980); Gerardo v. State, 383 So.2d 1122 (Fla.2d DCA 1980); Cross v. State, 378 So.2d 114 (Fla.5th DCA 1980).[1]
The statute which governs this proceeding reads, in part, as follows:
“917.20(2) At any time after commitment, the department may file a written report with the committing court stating . . . that the department has exhausted all appropriate treatment for the offender .... if the department returns an offender to the court because the department has determined that it has exhaust-' ed all treatment for the offender, the court shall remove the offender from the custody of the department. . . . ”
Pursuant to the authority of the statute, the Department terminated the appellant’s participation in the program. The statute then pronounces that the court “shall” remove the offender from the program, whereupon he would then be returned to the trial court for sentencing. This the trial court did in the instant proceeding, and we affirm. See: Cummings v. State, 379 So.2d 988 (Fla.1st DCA 1980). Even though we find that it was mandatory on the part of the trial judge to remove the appellant after the Department terminated the appellant’s participation in the program, we would also sustain the exercise of the trial judge’s discretion, if he were required to do so, in light of the hearing that transpired before him. See and compare: Strachen v. State, 380 So.2d 487 (Fla.3d DCA 1980).
We also note that the 1979 Legislature has now made it clear that a trial court is not to exercise any discretion to continue a convicted felon in the program after the Department has terminated him. See: Section 917.011, Florida Statutes (1979).
Therefore, for the reasons above stated, the orders under review be and the same are hereby affirmed.
Affirmed.

. The Durbin and Gerardo cases cited by the appellant did not involve a report terminating an offender in the program. The Cross opinion did involve an order to terminate, but the matter was reversed because defense counsel had only two hours’ notice of it prior to its consideration by the court and sentencing. We find them not to be applicable to this case.