413 So.2d 152 (1982)
Donald H. SULLIVAN, Appellant,
v.
STATE of Florida, Appellee.
No. 81-182.
District Court of Appeal of Florida, Fourth District.
April 28, 1982.
As Modified May 12, 1982.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Trela J. White, Asst. Atty. Gen., West Palm Beach, for appellee.
DOWNEY, Judge.
Since appellant, Donald H. Sullivan, was not advised at sentencing of his right to appeal, this court granted habeas corpus. The only question presented for review is whether the trial court erred in sentencing Sullivan to 330 years in prison rather than committing Sullivan as a mentally disordered sex offender (MDSO) pursuant to Chapter 917, Florida Statutes (1977).
Sullivan was convicted on three counts of burglary, sexual battery, and attempted murder. These charges stemmed from an incident in which Sullivan, a twenty-five year old male, raped the victim, a seventy year old female, and thereafter stabbed her fourteen times. After the jury verdict was received counsel for Sullivan filed a motion pursuant to Chapter 917, Florida Statutes (1977), for appointment of psychiatrists to determine Sullivan's mental condition on the grounds that counsel believed Sullivan is an MDSO. The trial court granted the motion and appointed two psychiatrists who subsequently reported that Sullivan was not psychotic but was likely to commit further sex offenses. Both recommended that he be treated as an MDSO. Another psychiatrist *153 reported similarly to the court in a pre-trial report. After receipt of the reports the trial court held a hearing in conjunction with sentencing and proceeded to sentence appellant to prison. All of the evidence presented from both experts and lay witnesses strongly indicated that Sullivan could and should be treated for his sexual problem. However, the trial judge indicated his lack of faith in the MDSO treatment program[1] and declined to commit Sullivan for such treatment.
Sullivan contends that under the circumstances of this case the trial judge abused his discretion in refusing to commit him under Chapter 917. Numerous cases are relied on by Sullivan. However, the state points out that all of those cases involved a refusal of the trial judge to submit the defendant to examination to determine if he qualified as an MDSO.
Unquestionably, the trial judge has discretion in determining whether a particular defendant should be committed as an MDSO. Rarely do appellate courts interfere with that exercise of discretion. However, where the evidence is overwhelming (in this case overwhelming and uncontradicted), it appears to us a trial judge cannot simply ignore the program because it has not appeared successful in his experience. Presumably, the Legislature has provided for this treatment because it views rehabilitation of these individuals to be in the best interest of society. Thus, when a defendant clearly qualifies as an MDSO, absent some compelling reason for denial, such treatment should be afforded him. If it is an abuse of discretion for a trial judge to refuse to certify a defendant as an MDSO where he meets all of the statutory requirements, Gerardo v. State, 383 So.2d 1122 (Fla.2d DCA 1980), then certainly it is an abuse of discretion to refuse to certify defendant as an MDSO for treatment against overwhelming evidence of the need therefor.
The nature of this heinous crime and the trial judge's adverse experience with MDSO treatment apparently impelled him to refuse to find Sullivan was an MDSO and commit him for treatment. However, commitment for such treatment does not necessarily mean a defendant will avoid incarceration. After the treatment is concluded, the defendant is returned to the committing court for recommencement of criminal proceedings.[2] The committing court may then a) suspend sentence and place the defendant on probation, b) sentence the defendant to prison, or c) make other suitable disposition of the offender as provided by law. Thus, the trial judge will have the same options for sentencing after the MDSO treatment he had upon return of the jury verdict. On the other hand, after a defendant with an MDSO problem has served his sentence, the court is not in a position to require the treatment available under this statute. The defendant will have paid his debt to society and the court will have no further jurisdiction.
Accordingly, we reverse the sentence appealed from and remand the cause to the trial court with directions to commit appellant for treatment as an MDSO.
REVERSED AND REMANDED, with directions.
ANSTEAD and GLICKSTEIN, JJ., concur.
NOTES
[1] "THE COURT: You may well need help and there's been professional testimony here indicating that you do need help, and I have no problem with the fact that you will receive help.

"This Court is, as counsel is aware and I think Dr. Krieger is aware, less than overwhelmingly confident in the abilities of the disciplines which would be involved in this situation to insure that there would not be other incidents of this nature, and that being the case, and having had the opportunity to consider this particular set of circumstances, it is the sentence of this Court, Donald Sullivan, that as to Count I you be sentenced to a term of 150 years; and as to Count II, the sexual battery, that you be sentenced to a term of 150 years; and as to Count III of the attempted murder in the first degree that you be sentenced to a term of 30 years, said sentences to run consecutively."
[2] § 917.215, Fla. Stat. (1977).