289 So.2d 385 (1973)
William Henry MASK, Appellant,
v.
STATE of Florida, Appellee.
No. 43923.
Supreme Court of Florida.
December 19, 1973.
Rehearing Denied February 20, 1974.
*386 Michael F. Cycmanick and James M. Russ of the Law Offices of James M. Russ, Orlando, for appellant.
Robert L. Shevin, Atty. Gen., and Charles Corces, Jr., Asst. Atty. Gen., for appellee.
CARLTON, Chief Justice:
This appeal was transferred here by the District Court of Appeal, Second District, because the trial court, in denying a Motion to Dismiss the information upon which appellant was tried, passed upon the constitutional validity of Fla. Stat. §§ 40.01 and 782.04 F.S.A. We have jurisdiction under Article V, § 3(b)(1), F.S.A. Florida Constitution.
We find no merit in the appellant's attacks on the cited statutes. As to other points argued by the appellant, we find no error which would require a reversal of his manslaughter conviction. We do hold, however, that the appellant was improperly sentenced, and we remand this cause to the Circuit Court for the Fifth Judicial Circuit for resentencing.
*387 The trial transcript reflects that, after the jury had returned its verdict and had been polled by the Clerk, the following ensued:
"THE COURT: Based on this verdict the court adjudges the defendant, William H. Mask to be guilty of the offense of Manslaughter and you are hereby sentenced to ten years, hard labor in the State prison. You are advised that you have the right to appeal this determination within thirty days after date hereof, if you don't have the money to hire an attorney, the court will appoint an attorney to represent you for that purpose. You are hereby remanded to the custody of the Sheriff of Sumter County.
MR. CYCMANICK: Your Honor, I request that a pre-sentence investigation be ordered and that the defendant be allowed to remain at liberty on the present bond pending the receipt of the pre-sentence investigation.
THE COURT: Both request are denied. THAT ENDED THE PROCEEDINGS."
In Nations v. State, 145 So.2d 259 (2d DCA Fla. 1962), the trial court was held to be in error in denying the defendant an opportunity to present evidence in mitigation and extenuation when the extent of the sentence for the crime of which he was found guilty was discretionary. This result was based upon Fla. Stat. § 921.13 F.S.A., which has since been repealed. However, Rule 3.780, Florida Rules of Criminal Procedure, 33 F.S.A., was essentially the same:
"When the court has discretion as to the penalty to be inflicted on the defendant, it shall, upon the suggestion of either party that there are circumstances which may properly be taken into consideration, hear evidence as to the same summarily in open court, either immediately or at a specified time and upon such notice to the adverse party as the court may direct; or the court may inquire into such circumstances on its own motion."
That was the Rule in effect at the time of sentencing in this case. The Rule was not mandatory unless a defendant first suggested that there were factors which ought to be considered in mitigation of sentence. However, we feel that a motion for a pre-sentence investigation sufficiently suggested such circumstances.
A request for a pre-sentence investigation suggests the possibility of factors which might warrant placing the defendant on probation. Although such factors might not warrant probation, they might still be proper to consider in mitigation of sentence. At the time of sentencing in this case, a pre-sentence investigation was itself discretionary when probation was authorized by law (see former Rule 3.790, Florida Rules of Criminal Procedure 33 F.S.A.); but when the judge denied the request for a pre-sentence investigation he should at least have allowed the defendant the opportunity to present evidence as to what such an investigation might have disclosed. This procedure would have satisfied the requirements of former Rule 3.780, 33 F.S.A., supra.
Therefore, although appellant's conviction is affirmed, this cause is remanded to the Circuit Court, Fifth Judicial Circuit, for resentencing. That resentencing will be pursuant to the new Rules of Criminal Procedure which took effect February 1, 1973, including Rule 3.720(b), 33 F.S.A., which now makes it mandatory for the trial court, at a sentencing hearing, to receive evidence by the parties of aggravating or mitigating circumstances. In addition, the sentencing will be conducted in accordance with Rule 3.710, 33 F.S.A., which now would prohibit a sentence other than probation unless a pre-sentence investigation is made, if the appellant has never before been found guilty of a felony offense.
It is so ordered.
*388 ROBERTS, ADKINS, McCAIN and DEKLE, JJ., concur.
ERVIN, J., concurring specially with opinion, in which BOYD, J., concurs.
ERVIN, Justice (specially concurring):
I concur in all of the majority opinion with the exception of the portion upholding the constitutional validity of F.S. Sections 40.01 and 782.04, F.S.A. I pretermit passing upon the validity of said sections inasmuch as I do not believe it is necessary to do so in this case.
BOYD, J., concurs.