306 So.2d 142 (1975)
Michael CULBERTSON, Appellant,
v.
STATE of Florida, Appellee.
No. 74-543.
District Court of Appeal of Florida, Second District.
January 15, 1975.
*143 James A. Gardner, Public Defender, Sarasota, and Durand J. Adams, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
The appellant, Michael J. Culbertson, was charged with assault with intent to commit rape. A jury trial resulted in a verdict of guilty of the lesser included offense of assault and battery whereupon the trial judge immediately sentenced the appellant to serve one year in the county jail with credit for time previously served while awaiting trial.
The appellant asserts two points on appeal:
1. The trial court erred in failing to instruct the jury concerning impeachment of witnesses; and
2. The trial court erred in denying the appellant an opportunity to present evidence in mitigation prior to sentence.
Since the testimony of the prosecutrix revealed some conflicts it would have been appropriate for the court to have instructed the jury as requested; however, viewing the instructions as a whole and noting that there was sufficient evidence corroborating the prosecutrix's testimony as related to the offense of assault and battery we find that error, if any, in failing to give the requested instruction was harmless.
Notwithstanding a timely request by appellant's counsel for an opportunity to present matters in mitigation such request was denied by the trial court. Rule 3.720(b) RCrP makes it mandatory for the court to "entertain submissions and evidence by the parties which are relevant to the sentence." The language of the rule is mandatory. Mask v. State, Fla. 1973, 289 So.2d 385.
This case is remanded for resentencing of the appellant after first affording the appellant an opportunity to offer matters in mitigation as mandated by Rule 3.720(b) RCrP; otherwise the judgment of the trial court is affirmed.
HOBSON, A.C.J., and GRIMES, J., concur.