346 So.2d 1218 (1977)
Arthur CHEATHAM, Appellant,
v.
The STATE of Florida, Appellee.
No. 76-713.
District Court of Appeal of Florida, Third District.
May 24, 1977.
Rehearing Denied June 20, 1977.
Bennett H. Brummer, Public Defender and Thomas G. Murray, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen. and Ira N. Loewy, Asst. Atty. Gen., for appellee.
Before BARKDULL, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant, Arthur Cheatham, was informed against for aggravated battery, tried by jury, found guilty of aggravated assault and sentenced to five years in the state penitentiary.
Defendant first urges as reversible error the trial court's denial of his motion for continuance of hearing on his sentencing in violation of Fla.R.Crim.P. 3.720(b).
While it is undisputed that this rule requires a court, before sentencing, to afford a defendant the opportunity to present matters in mitigation of sentence,[1] the court is not compelled under the rules to grant defendant a continuance prior to sentencing upon his motion therefor. The general rule is that the granting or denial of a motion for continuance is within the discretion of the trial court, and the court's action with respect thereto will be reversed *1219 only upon a showing of a palpable abuse of discretion. See Douglas v. State, 216 So.2d 82 (Fla.3d DCA 1968); Mills v. State, 280 So.2d 35 (Fla.3d DCA 1973). A review of the record reflects no such abuse of discretion. Defendant was given an opportunity to submit evidence in mitigation of sentence, and we find the trial court fully complied with the requirements of Fla.R. Crim.P. 3.720.
Defendant secondly contends that the court erred in reinstructing the jury, at its request, as to the elements of aggravated battery, aggravated assault and battery without also reinstructing the jury on reasonable doubt. We cannot agree.
It is proper for a trial judge to limit the repetition to the charges requested; however, the repeated charges should be complete on the subject involved. See Hedges v. State, 172 So.2d 824 (Fla. 1965). In the case sub judice the trial judge repeated the charges requested by the jury and these repeated charges were complete on the subject involved. The charges on reasonable doubt and acquittal were not essential to a complete and full instruction on the repeated charges. Cf. Bristow v. State, 338 So.2d 553 (Fla.3d DCA 1976).
Judgment of conviction and sentence affirmed.
NOTES
[1] Mask v. State, 289 So.2d 385 (Fla. 1973).