348 So.2d 66 (1977)
Carmella Jean TRUDEAU, Appellant,
v.
STATE of Florida, Appellee.
No. 76-1084.
District Court of Appeal of Florida, Fourth District.
July 22, 1977.
Rehearing Denied August 12, 1977.
*67 Bruce M. Lyons of Lyons & Sanders Law Offices, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard P. Zaretsky, Asst. Atty. Gen., West Palm Beach, for appellee.
KOVACHEVICH, ELIZABETH A., Associate Judge.
Appellant-defendant appeals a judgment of conviction of second degree murder in the death of her husband by the use of a firearm, and a sentence of thirteen (13) years imprisonment, minimum three (3) years incarceration. Defendant was charged initially by indictment with murder in the first degree. She plead guilty to murder in the second degree. Of the three points involved in this appeal, only one has merit, and on the same, we reverse.
The Court erred in not allowing the defendant to introduce evidence at sentencing on the issue of the defendant's mental condition, both prior to, and subsequent to the shooting incident herein.
At the sentencing hearing, appellant's attorney requested the opportunity to present psychiatric testimony in order to establish mitigating circumstances. Although the lower court initially indicated that it would grant such a hearing and allow testimony, the court changed its mind when the prosecutor objected, and denied the request, despite the fact that the court recognized that the defendant was entitled to an evidentiary hearing under the rules.
By denying the defendant the opportunity to present evidence which was relevant to the sentence that would be given herein, the lower court clearly violated Rule 3.720, Florida Rules of Criminal Procedure, which provides that the trial court shall "(b) Entertain submissions and evidence by the parties which are relevant to the sentence."
This rule has been construed to be mandatory upon the sentencing court. See Mask v. State, 289 So.2d 385 (Fla. 1974) wherein the Supreme Court stated that Rule 3.720(b) now makes it mandatory for the trial court, at a sentencing hearing, to receive evidence by the parties of aggravating or mitigating circumstances. In Culbertson v. State, 306 So.2d 142 (2d D.C.A. 1975) the cause was remanded for resentencing since the trial court failed to accord appellant's counsel the opportunity, upon timely request, to present matters which *68 were relevant to sentencing. In Messer v. State, 330 So.2d 137, 142 (Fla. 1976), the Supreme Court, construing Section 921.141, Florida Statutes, remanded to the trial court for the purpose of holding another sentencing hearing where counsel "... was effectively deprived of establishing an important mitigating circumstance when he was not afforded the opportunity to present psychiatric testimony to the jury during the sentencing portion of the proceedings ..."
In the instant case, sub judice, a medical doctor and qualified psychiatrist, was present in the courtroom, and available to testify at the sentencing. The lower court erred in not permitting the evidentiary hearing requested by appellant's counsel prior to the imposition of the sentence herein. The sentencing court's failure to accord the appellant an evidentiary hearing deprived the appellant of the opportunity to present testimony on the issue of what period of incarceration, if any, should be the proper sentence in this case.
However, on the other two points raised in this appeal, the lower court was correct in not allowing the defendant to introduce evidence on the issue of whether the negotiated plea should be specifically enforced or whether, alternatively, the plea should be withdrawn. Further, the lower court was correct in not setting aside the plea to the reduced charge of murder in the second degree, sua sponte, on the basis that there was a breach of the terms of the negotiated plea between the court, the prosecutor, and the defendant as to the sentence. During the taking of the plea herein, both the availability of probation, and, parole after six (6) months, were mentioned, but, the court specifically said "I am certainly not making any guaranty that there won't be a jail sentence imposed." In Costello v. State, 260 So.2d 198 (Fla. 1972), the Supreme Court states "... It is not enough for a defendant to argue that he was under an impression that a promise of a lesser penalty had been made by the judge or prosecutor. A reasonable basis for such an impression must be shown . ."
The record on appeal clearly indicates that at the time of the sentencing herein, counsel for the defendant asked his client if she would like the opportunity to withdraw her previously entered plea, and after a private conference with his client, announced in open court that against his advice and that of her friends, the defendant insisted that she wanted to take whatever sentence the court wished to give her in this matter, knowing full well that the court would sentence the defendant to the minimum three years pursuant to Section 775.087, Florida Statutes. It was reasonable for the court to rely upon the foregoing expression that the plea as entered by the defendant herein, would stand, and there was no obligation upon the court, on its own motion, to inquire further. Thus, this case is distinguishable from Enos v. State, 272 So.2d 847 (4 D.C.A. 1973).
Accordingly, the judgment of conviction is affirmed, but the sentence is reversed and this cause is remanded to the lower court for further proceedings consistent with the views expressed herein.
AFFIRMED in part; REVERSED AND REMANDED in part, with directions.
MAGER, C.J., and CROSS, J., concur.