PER CURIAM.
Appellant was convicted of simple battery after a jury trial. She was adjudicated guilty and given the maximum sentence of one year in jail. We affirm the conviction but remand the cause for a sentencing hearing as required by Fla.R.Crim.P. 3.720.
The requirement of a sentencing hearing is mandatory-under the rule and may not be omitted at the discretion of the trial court. Mask v. State, 289 So.2d 385 (Fla.1973); Trudeau v. State, 348 So.2d 66 (Fla. 4th DCA 1977), certiorari denied, 355 So.2d 517 (Fla.1978); Culbertson v. State, 306 So.2d 142 (Fla. 2d DCA 1975). Nor can the mandatory nature of the rule be satisfied by giving the appellant the opportunity to submit evidence in mitigation of her sentence at a subsequent hearing on her motion to mitigate. Fla.R.Crim.P. 3.720(b) requires that the sentencing court shall: “Entertain submissions and evidence by the parties which are relevant to the sentence[.]” Clearly, it would defeat the whole purpose of the rule to deny the defendant the opportunity to present evidence relevant to the sentence prior to the imposition of that sentence.
Cheatham v. State, 346 So.2d 1218 (Fla. 3d DCA 1977) does not dictate a contrary result. There, we held that the trial court’s denial of defendant’s motion for a continuance prior to sentencing was not an abuse of discretion. The trial court in Cheatham fully complied with the requirements of Fla.R.Crim.P. 3.720. In this case, the trial court expressly denied the appellant’s motion for a sentencing hearing. This denial was error.
This case is remanded for resentencing after first affording the appellant an opportunity to offer matters in mitigation as mandated by the Rules of Criminal Procedure. In all other respects, the judgment of the trial court is affirmed.