PER CURIAM.
Defendant, Small, was tried by a jury and a verdict of guilty was returned for the offense of the unauthorized use of a motor vehicle. The trial court adjudicated defendant guilty and immediately sentenced him to imprisonment for a period of one year in the county jail; the sentence constitutes the maximum penalty under the applicable statute. Defense counsel stated to the court that there were certain circumstances about which the court should be made fully aware in order for it to consider mitigation of sentence and the defense requested a sentencing hearing pursuant to Florida Rule of Criminal Procedure 3.720. The court denied the motion. Defendant filed the appeal contending that not only *533 should a sentencing hearing have been afforded him, but that the trial court erred in failing to give the defendant credit for time spent in jail prior to sentencing, pursuant to § 921.161(1), Florida Statutes (1975). We agree with the appellant on these points.
In Mason v. State, 366 So.2d 171 (Fla. 3d DCA 1979), the court held that the requirement of a sentencing hearing is mandatory under Fla.R.Crim.P. 3.720 and may not be omitted at the discretion of the trial court. See also, Mask v. State, 289 So.2d 385 (Fla.1973); Trudeau v. State, 348 So.2d 66 (Fla. 4th DCA 1977) certiorari denied, 355 So.2d 517 (Fla.1978); Culbertson v. State, 306 So.2d 142 (Fla. 2d DCA 1975). The Mason court stated that it would defeat the whole purpose of the rule to deny the defendant the opportunity to present evidence relevant to the sentence prior to the imposition of that sentence.[1]
We now address appellant/defendant’s contention that error was committed by the court in that it failed to give credit for time served. We have determined that when the cause is remanded pursuant to this court’s mandate regarding point one, the trial court shall additionally determine what credit shall be afforded defendant for time served prior to sentencing. Smith v. State, 310 So.2d 770 (Fla. 2d DCA 1975); Brooker v. State, 362 So.2d 697 (Fla. 2d DCA 1978); Section 921.161(1), Florida Statute (1975).
We, therefore, reverse and remand the cause with directions to the trial court to resentence defendant after first affording him an opportunity to offer matters in mitigation of sentence and to afford him credit for time served in the county jail prior to sentencing.
Reversed and remanded.

. The court noted in its option that the holding in Cheatham v. State, 346 So.2d 1218 (Fla. 3d DCA 1977), does not dictate a contrary result. In Cheatham the court held that the trial court’s denial of defendant’s motion for a continuance prior to sentencing was not an abuse of discretion, and the court had fully complied with the requirements of Fla.R.Crim.P. 3.720.