OTT, Judge.
A jury found appellant guilty of sexual battery after the court denied a defense motion for mistrial. We reverse the conviction because the court failed to ascertain whether a violation of discovery requirements, which was the basis of the motion, was prejudicial.
At her pretrial deposition the complaining witness admitted that she was under the influence of alcohol and drugs the night she met appellant in a bar. She further admitted that after she had talked with appellant and drunk the drink he bought her, she had met an old boyfriend and had gone to his nearby home with him after several more drinks. There they drank some more, smoked marijuana and had sexual intercourse. On her way home she again encountered appellant and the acts occurred which are the subject of this prosecution-voluntary acts according to appellant, but coerced according to the complaining witness.
When quizzed about the identity of her old boyfriend, the witness professed to remember only that his given name was Bill. At trial, however, she gave his full name and testified that she had supplied that information to the State Attorney several days before trial. Defense counsel immediately moved for a mistrial, on the grounds that he had filed a proper demand for all evidence and witnesses known to the state which might negate appellant’s guilt or the credibility of the state’s witness, to which the state had responded that it had no such evidence, and that the state had never updated that response when it learned Bill’s complete name. The prosecutor denied having ever received the information, and the court summarily denied the motion.
We think that the facts of this case made it particularly essential that the court conduct a hearing to determine the degree of prejudice resulting from the withheld information. Whether the complaining witness did or did not give the name to the prosecutor before trial is not determinative of whether or not appellant was prejudiced. If appellant was prejudiced by the withholding of the information, the court could at least have ordered a continuance in the interest of fairness and justice. State v. Banks, 349 So.2d 736 (Fla. 3d DCA 1977). The evidence was such that the credibility of the complaining witness had been seriously impaired by her admission that she was quite intoxicated at the time in question. Tibbs v. State, 337 So.2d 788 (Fla.1979). Under those circumstances, the prejudicial effect of concealing evidence upon the issue of consent seems quite probable.
*386 The judgment is reversed and the case remanded to the court below for a new trial.
HOBSON, Acting C. J., and RYDER, J., concur.