JOANOS, Judge.
The defendant raises four points challenging the judgment entered against him after a jury found him guilty of theft. After a review of the record, we find merit in two of the contentions raised. First, the trial court erred in refusing to grant the defendant’s request under Florida Rule of Criminal Procedure 3.390(a) to instruct the jury on the maximum and minimum sentences which may be imposed. According to the Florida Supreme Court’s recent decision in Tascano v. State, 393 So.2d 540 (rehearing denied 1981) an instruction of maximum and minimum sentences is mandatory when requested and failure to give the instruction requires a remand for a new trial.
Although the remand for a new trial renders the second error harmless, we make note of it to avoid the possibility that it is repeated. Directly after the defendant was found guilty, he was sentenced by the judge despite the defendant’s request that he be given an opportunity to present evidence in mitigation of the sentence. If the defendant is sentenced again, subsequent to the new trial, the trial judge should give the defendant a reasonable opportunity to present evidence that would go towards mitigation of his sentence. Culbertson v. State, 306 So.2d 142 (Fla.2d DCA 1975); Fla.R.Crim.P. 3.780(b).
REVERSED and REMANDED for a new trial.
ERVIN and BOOTH, JJ., concur.