435 So.2d 258 (1983)
Larry R. MILLER, Appellant,
v.
The STATE of Florida, Appellee.
No. 82-1016.
District Court of Appeal of Florida, Third District.
May 31, 1983.
*259 Bennett H. Brummer, Public Defender, and John H. Lipinski, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Penny Hershoff Brill, Asst. Atty. Gen., for appellee.
Before HENDRY, BASKIN and FERGUSON, JJ.
HENDRY, Judge.
Larry R. Miller appeals from his convictions of battery and resisting arrest without violence, for which he was sentenced to concurrent terms of 364 days and 30 days, respectively. The convictions arose from an incident following a domestic dispute between appellant and his wife. The wife called the police to enlist their help in going back into the apartment in order to pack some clothes so that she could go elsewhere for the night. The two police officers testified that appellant was abusive and, when the wife opened the apartment door with her key, appellant immediately struck Officer Fernandez. The two officers then struggled with appellant, finally arresting him. Appellant testified that he ordered the police to get out of his apartment because a flashlight was being shone directly into his eyes and he could not tell they were police officers. He testified that after he yelled at the "intruders" to get out of his apartment, the police then grabbed him, strangled him, and hit him with the flashlight. Appellant's wife testified that the police hit her husband.
Appellant raises three points on appeal. The first concerns the failure by the state to notify defense counsel of a change made by Officer Fernandez in his previously taken deposition. Fernandez' initial statement was that the light outside the door of the apartment was "dim" and that "it would be pretty hard to distinguish and *260 be able to describe an individual if he was six feet away from me... ." The correction changed the statement to "it wouldn't be pretty hard to distinguish... ." Appellant argues that the change was material because the defense theory was that because the interior light was so dim, and because the flashlight was being shone directly into his eyes, appellant couldn't tell these men were police officers. Appellant states that the deliberate concealment of this material evidence (or failure to disclose the change) violates his constitutional rights and requires a reversal of his conviction.
The record reveals that the trial court stopped the trial at the moment the change was discovered and the appellant had moved for a mistrial. The jury was sent from the courtroom and a full Richardson-type inquiry was conducted.[1] Testimony was taken from Officer Fernandez, as well as the assistant state attorney who had told him how to change the deposition. The trial court determined that the discovery violation was inadvertent, trivial, and not prejudicial. As further protection for the appellant, the trial court allowed cross-examination on the circumstances surrounding the change so the jury could evaluate the officer's credibility. The trial court clearly did everything required by Richardson. See also White v. State, 403 So.2d 331 (Fla. 1981); Snow v. State, 391 So.2d 384 (Fla. 2d DCA 1980); Neimeyer v. State, 378 So.2d 818 (Fla. 2d DCA 1979). The trial court did not abuse its discretion in denying the motion for a mistrial. How well the officer could see into the apartment is irrelevant to how well the appellant could see out of the apartment, particularly when appellant is alleging that the police were shining an extremely powerful flashlight directly into his eyes.
Appellant's second point asserts that the state made an improper "Golden Rule" argument during its closing arguments. The offending comment was:
It seems to me that to try and make the argument that the officers were not in their legal duties is also a little farfetched. They were there to give aid to that woman.
This is what a police officer is supposed to do. That is what we all want.
There was a timely objection and request for a mistrial, which was denied.
Appellant argues that this was an improper plea for the jury's sympathy and approval of the officers' actions, implying a general community spirit and approval of these actions. Appellee argues that the comment did not refer in any manner to the appellant, nor is it reasonable to believe that the jury construed it to be a comment concerning the appellant or a comment calling for the jurors to place themselves in the position of the police officers.
It is clear that whether an improper comment by the prosecution constitutes harmful error must be determined by a consideration of its effect when viewed in context with other circumstances appearing in the record. Coleman v. State, 420 So.2d 354 (Fla. 5th DCA 1982); Nelson v. State, 416 So.2d 899 (Fla. 2d DCA 1982); McMillian v. State, 409 So.2d 197 (Fla. 3d DCA 1982). A synopsis of the applicable law concerning prosecutorial misconduct can be found in Breedlove v. State, 413 So.2d 1 (Fla.), cert. denied, ___ U.S. ___, 103 S.Ct. 184, 74 L.Ed.2d 149 (1982). In that case, the Florida Supreme Court stated that wide latitude is permitted in arguing to a jury. Logical inferences may be drawn and counsel is allowed to advance all legitimate arguments. The control of comments is within the trial court's discretion and an appellate court will not interfere unless an abuse of discretion is shown. A new trial should be granted when it is reasonably evident that the remarks might have influenced the jury to reach a more severe verdict of guilt than it would have otherwise done. Each case must be considered on its own merits and within the circumstances surrounding the complained-of remark. Id., 413 So.2d page 8 (citations omitted). The court went on to hold that while some of the prosecutor's remarks in Breedlove appeared to be improper, they were not so prejudicial that a new trial was required.
*261 One of the complained-of remarks in Breedlove is similar to the comment at issue in the case sub judice. In Breedlove, the prosecutor said:
One place in the world where we ought to be free from this kind of violence, this kind of crime, is in our own home.
The Florida Supreme Court said that the comments "appear to reflect common knowledge and are probably the sentiments of a large number of people." Id., page 8, n. 11. That same argument could be made about a statement saying that all we want is for the police to do their job; to give aid to people.
We additionally consider that this remark by the assistant state attorney fell within the bounds of "fair comment". Throughout lengthy cross-examination of the police officers, appellant was attempting to intimate to the jury that the police somehow behaved improperly when they went to the door of the apartment, identified themselves as police officers and asked appellant to open the door so that his wife could get her clothes. The prosecutor's remark reminding the jury that the police were there because the wife called them and asked for their help is an appropriate response to an argument insinuating that these officers were acting well outside their legal duties. Denny v. State, 404 So.2d 824 (Fla. 1st DCA 1981); Alvarez v. State, 401 So.2d 881 (Fla. 3d DCA 1981); Lynn v. State, 395 So.2d 621 (Fla. 1st DCA 1981). This remark by the state did not so fundamentally taint the proceedings that neither an objection nor a retraction could entirely destroy its "sinister" influence. Coleman v. State, supra; McMillian v. State, supra.
The final point raised by appellant concerns what the appellant characterizes as "the trial court's refusal to allow appellant to present mitigating factors prior to sentencing". This is a significant misstatement of what transpired after the trial was over. Appellant was not prepared to offer mitigating factors immediately after the trial and requested a continuance. This request was denied by the trial court. Appellant did testify about his prior misdemeanor convictions and there was discussion about a pending Rule 3.850 matter as a possible mitigating factor. Since appellant had at least one prior conviction for battery on a police officer, the trial court decided to sentence him. At the same time, and for the same reason, the court denied appellant's request for a supersedeas bond.
It is well established that Rule 3.720(b), Florida Rules of Criminal Procedure, makes it mandatory for a trial court to entertain submissions and evidence which are relevant to the sentence. Cross v. State, 378 So.2d 114 (Fla. 5th DCA 1980); Mason v. State, 366 So.2d 171 (Fla. 3d DCA 1979); Trudeau v. State, 348 So.2d 66 (Fla. 4th DCA 1977), cert. denied, 355 So.2d 517 (Fla. 1978); Culbertson v. State, 306 So.2d 142 (Fla. 2d DCA 1975). If a trial court refuses to allow a defendant to present matters in mitigation, the cause must be remanded for a sentencing hearing and resentencing. However, this court has interpreted Rule 3.720(b) as requiring only that a defendant be given an opportunity to present matters in mitigation. Cheatham v. State, 346 So.2d 1218 (Fla. 3d DCA 1977). In Cheatham, the defendant requested a continuance of the sentencing hearing and the trial court denied his motion. This court said:
While it is undisputed that this rule requires a court, before sentencing, to afford a defendant the opportunity to present matters in mitigation of sentence, the court is not compelled under the rules to grant defendant a continuance prior to sentencing upon his motion therefor. The general rule is that the granting or denial of a motion for continuance is within the discretion of the trial court, and the court's action thereto will be reversed only upon a showing of a palpable abuse of discretion... . Defendant was given an opportunity to submit evidence in mitigation of sentence, and we find the trial court fully complied with the requirements of Fla.R.Crim.P. 3.720.
Id. at 1218-1219. See also Small v. State, 371 So.2d 532 (Fla.3d DCA 1979) and Mason v. State, supra, in which Cheatham was distinguished. In the case sub judice, appellant was given an opportunity to present matters in mitigation. That he was unprepared to do so is more a function of a *262 failure to think ahead and to prepare for the possibility of losing at trial than an abuse by the trial court.
The trial court sentenced appellant to 364 days in jail on the battery conviction and gave him 24 days credit for the time already spent in custody, leaving 340 days actual time to be served. Since sentencing took place on April 8, 1982, and since no supersedeas bond was allowed, the sentencing issue is now moot. Even if the trial court erred in not granting the continuance so that appellant could prepare a submission on matters in mitigation, the only remedy for that error is no longer relevant.
Since, for the foregoing reasons, no reversible error has been demonstrated, appellant's conviction is affirmed.
Affirmed.
FERGUSON, Judge (dissenting).
This is not a case where the state, in violation of a discovery rule has simply failed to exchange a witness list, as was the case in Richardson v. State, 246 So.2d 771 (Fla. 1971). Here, the prosecutor and the police officer collaborated before trial as to how to change the officer's deposition testimony on a matter which went to the heart of the defense. On instructions of the state attorney, the officer crossed through a part of the deposition transcript and wrote in a significantly changed version of the facts. The first version was consistent with the defense. The changed version directly conflicted with the defense and presented a fact issue for the jury. The defendant was "surprised" with the changed testimony at trial.
Even if we were to treat the occurrence as lightly as a discovery rule violation pursuant to Fla.R.Crim.P. 3.220(f),[1] the sanction (or lack of) was not fitting. An appropriate sanction should have been at least the granting of a mistrial or continuance, if not one of the sterner remedies provided for in Rules 3.220(j)(1) and (2).[2]
NOTES
[1] Richardson v. State, 246 So.2d 771 (Fla. 1971).
[1] Fla.R.Crim.P. 3.220(f) provides:

(f) Continuing Duty to Disclose. If, subsequent to compliance with the rules, a party discovers additional witnesses or material which he would have been under a duty to disclose or produce at the time of such previous compliance, he shall promptly disclose or produce such witnesses or material in the same manner as required under these rules for initial discovery.
[2] Fla.R.Crim.P. 3.220(j)(1) and (2) provide:

(j) Sanctions.
(1) If, at any time during the course of the proceedings, it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may order such party to comply with the discovery or inspection of materials not previously disclosed or produced, grant a continuance, grant a mistrial, prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed, or enter such other order as it deems just under the circumstances.
(2) Willful violation by counsel of an applicable discovery rule, or an order issued pursuant thereto, may subject counsel to appropriate sanctions by the court.