542 So.2d 1061 (1989)
Ismael NUNEZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 88-2198.
District Court of Appeal of Florida, Third District.
May 9, 1989.
*1062 Bennett H. Brummer, Public Defender, Miami, and Scott W. Sakin, Sp. Asst. Public Defender, N. Miami Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., and Elena Evans, Certified Public Intern, for appellee.
Before BARKDULL, HUBBART and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Ismael Nunez from a final judgment of conviction and sentence for attempted second-degree murder which was entered below upon an adverse jury verdict. We affirm.
First, we conclude that the trial court correctly refused to instruct the jury on self-defense because, simply stated, there was insufficient evidence adduced below to support such an instruction. The sole evidence at trial on the issue was the testimony of a police detective who stated that the defendant made an oral statement to the police that "`I stabbed the victim in self-defense.' That he was assaulted by a group of males." Plainly, this evidence was nothing more than an assertion of self-defense by the defendant and in no way explained the exact circumstances upon which the assertion was based. This being so, the trial court was not required to instruct the jury on self-defense based solely on the defendant's bald assertion of self-defense. See Smiley v. State, 395 So.2d 235, 236 (Fla. 1st DCA 1981); Bolin v. State, 297 So.2d 317, 319 (Fla. 3d DCA) ("[I]t is within the province of the trial court whether or not the evidence, viewed most favorably to the defendant, is adequate to support an instruction on self-defense."), cert. denied, 304 So.2d 452 (Fla. 1974). But see Mills v. State, 490 So.2d 204 (Fla. 3d DCA) (evidence of a "substantial character" shown), rev. denied, 494 So.2d 1153 (Fla. 1986); Kilgore v. State, 271 So.2d 148, 152-53 (Fla. 2d DCA 1972) (same).
Second, we conclude that no error is presented with respect to the sentencing hearing conducted below. No request was made by the defendant below to present mitigating evidence at the hearing, and, accordingly, the defendant may not raise the issue for the first time on appeal. Although Fla.R.Crim.P. 3.720(b) requires the trial court at a sentencing hearing to "[e]ntertain submissions and evidence by the parties which are relevant to the sentence," this rule is not violated when, as here, the defendant makes no offer to present such evidence or submissions at the sentencing hearing. Small v. State, 371 So.2d 532 (Fla. 3d DCA 1979) and Mason v. State, 366 So.2d 171 (Fla. 3d DCA 1979), relied on by the defendant, do not compel a contrary result because there, unlike the instant case, the defendant made a specific request to present mitigating evidence at the sentencing hearing and such request was denied in violation of Fla.R. Crim.P. 3.720(b).
The final judgment of conviction and sentence under review are, therefore, in all respects
Affirmed.