PER CURIAM.
This is an appeal by the defendant Gerald Lawrence from a judgment of conviction and sentence for second-degree murder entered below upon an adverse jury verdict. The defendant raises two points on appeal, neither of which present reversible error; we accordingly affirm.
First, the trial court did not, as urged, commit reversible error in refusing to instruct the jury on the elements of robbery which was allegedly required in order to fully instruct the jury on the defendant’s justifiable homicide defense. This is so because the evidence adduced at trial showed, without contradiction, that the deceased was not committing or attempting to commit a robbery upon the defendant at the time the defendant killed the deceased; the robbery which the deceased had previously committed upon the defendant had been completed prior to the killing in this case and, accordingly, could form no basis for a justifiable homicide of the deceased. The trial court was therefore not required to instruct the jury on the otherwise irrelevant offense of robbery as the subject robbery could not justify the homicide in the instant case. See Nunez v. State, 542 So.2d 1061 (Fla. 3d DCA 1989); Smiley v. State, 395 So.2d 235, 236-37 (Fla. 1st DCA 1981); Pressley v. State, 395 So.2d 1175, 1177 (Fla. 3d DCA), rev. denied, 407 So.2d 1105 (Fla.1981).
Second, the trial court did not, as urged, commit reversible error in denying the defendant’s pretrial motion to suppress his statements to the police. This is so because the state established by a preponderance of the evidence that the subject statements were freely and voluntarily given. Patterson v. State, 513 So.2d 1257 (Fla.1987); State v. Battleman, 374 So.2d 636, 637 (Fla. 3d DCA 1979); McNamara v. State, 357 So.2d 410, 412 (Fla.1978).
Affirmed.