# Third District Court of Appeal

## State of Florida

Opinion filed June 20, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2684
Lower Tribunal No. 14-870-A-K
_____

**Sergio M. Hernandez, III,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Monroe County, Wayne M. Miller, Judge.

Carlos J. Martinez, Public Defender, and Shannon Hemmendinger, Assistant Public Defender, for appellant.

Pamela Jo Bondi, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before EMAS, FERNANDEZ and LINDSEY, JJ.

EMAS, J.

**INTRODUCTION**

Defendant, Sergio Hernandez, III, appeals from his judgment and sentence for domestic battery by strangulation and false imprisonment. As his sole issue on appeal, Hernandez contends that the trial court committed fundamental error in its determination of Hernandez's competency to proceed. Specifically, Hernandez asserts that the trial court failed to make an independent assessment and independent finding of Hernandez's competency. We agree, and reverse and remand for the trial court to hold a hearing in an effort to make a retrospective determination of Hernandez's competency at the time of trial.

**ANALYSIS AND DISCUSSION**

A defendant has a due process right to a competency determination when there are reasonable grounds to believe that a defendant is incompetent. Nowitzke v. State, 572 So. 2d 1346, 1349 (Fla. 1990) (holding: "Under both Florida and federal law, it is well-settled that due process prohibits a person accused of a crime from being proceeded against while incompetent."); Maxwell v. State, 974 So. 2d 505, 509 (Fla. 5th DCA 2008) (holding: "When criminal proceedings are held against a mentally incompetent defendant, the defendant's constitutional right of due process is denied"). See also Drope v. Missouri, 420 U.S. 162, 172 (1975) (holding that the "failure to observe procedures adequate to protect a defendant's

2

right not to be tried or convicted while incompetent to stand trial deprives him of his due process right to a fair trial.").

Florida Rules of Criminal Procedure 3.210-3.212 establish the procedures to be employed when there is a "reasonable ground to believe that the defendant is not mentally competent to proceed." Fla. R. Crim. P. 3.210(b). When such reasonable grounds exist, the trial court must immediately enter an order setting a hearing to be held within twenty days to determine the defendant's mental condition. The trial court may order the defendant to be examined by no more than three experts. Id. The expert or experts shall conduct a competency examination, and shall consider and include in the competency report those factors enumerated in rule 3.211(a)(2).[1] The expert shall submit a written report to the court, setting forth the procedures, techniques, and tests used in the examination, the

---

[1] That subdivision provides:

> (2) In considering the issue of competence to proceed, the examining experts shall consider and include in their report:
>
> (A) the defendant's capacity to:
>
> (i) appreciate the charges or allegations against the defendant;
> (ii) appreciate the range and nature of possible penalties, if applicable, that may be imposed in the proceedings against the defendant;
> (iii) understand the adversary nature of the legal process;
> (iv) disclose to counsel facts pertinent to the proceedings at issue;
> (v) manifest appropriate courtroom behavior;
> (vi) testify relevantly; and
>
> (B) any other factors deemed relevant by the experts.

observations and findings made, and opinions rendered, by the expert, and the sources of information and factual bases for the expert's clinical findings and opinions. Fla. R. Crim. P. 3.211(c).

The expert's report may then be considered by the trial court at the competency hearing. In addition to the report or reports, either party or the court may call the experts to testify at the competency hearing, and any such expert is deemed a court witness regardless of whether the expert is called by a party or by the court. Fla. R. Crim. P. 3.212(a). If the court finds the defendant competent to proceed, the court shall enter its order so finding.

At the competency hearing in the instant case, no testimony was taken and no evidence was offered. The parties merely stipulated to the expert's written report; that is, the parties agreed that, if called to testify at the hearing, the expert would testify consistently with his written report. Here is the entirety of the hearing held on Hernandez's competency to proceed:

| THE COURT: | Sergio Hernandez. |
| --- | --- |
| DEFENSE COUNSEL: | Judge, the doctor found Mr. Hernandez competent, and we'll stipulate to that finding. |
| THE COURT: | All right. So we'll make that finding at this time. |
| PROSECUTION: | The State also [stipulates]. |

4

There is nothing in the record to suggest that the trial court reviewed or considered the expert's report, or made an independent assessment or finding of Hernandez's competency. The record (and the single excerpt above) indicates instead that the trial court found Hernandez competent based solely upon the parties' stipulation. However, such a stipulation, while not unusual, is also not sufficient by itself for a valid determination of competency. In other words, a stipulation that the expert, if called as a witness, would testify consistently with the report, is *not* a stipulation to competency. Indeed, the parties cannot "stipulate" to a defendant's competency (or incompetence), as it is an independent legal determination for the trial court to make after consideration of the expert testimony or reports, and other relevant factors. Dougherty v. State, 149 So. 3d 672, 678 (Fla. 2014); Shakes v. State, 185 So. 3d 679, 681 (Fla. 2d DCA 2016). The trial court's acknowledgment and acceptance of the parties' stipulation was insufficient to satisfy the requirements of rule 3.212 and principles of due process. More was required:

> At the competency hearing, the court must make its own independent finding of competence or incompetence. If the parties and the court agree, the court may decide the issue based on the experts' reports without receiving any testimony. However, the court must regard the reports as advisory only. Further the court is not permitted to merely accept a stipulation of competence. In fact, acceptance of a stipulation is improper even when all the experts have opined that the defendant is competent, as other evidence may indicate incompetence.

5

Zern v. State, 191 So. 3d 962, 964 (Fla. 1st DCA 2016) (citing Dougherty, 149 So. 3d at 677-78) (additional citations omitted).  See also Sheheane v. State, 228 So. 3d 1178, 1180 (Fla. 1st DCA 2017) (observing: "It is this right to the trial court's independent assessment of competency that lies at the heart of the due process requirement.  The court must make an independent finding of competence or incompetence—stipulations of competence are not permitted.").

The State commendably concedes that the trial court failed to make the requisite independent competency determination, and further concedes that this failure constitutes fundamental error that cannot be waived once a reason for a competency hearing has materialized.  See Zern, 191 So. 3d at 965.[2]

Nevertheless, the remedy is not simply a reversal for a new trial on remand. Instead, as the Florida Supreme Court held in Dougherty, the remedy is to reverse and remand so that

> a nunc pro tunc competency evaluation could be done "where there are a sufficient number of expert and lay witnesses who have examined or observed the defendant contemporaneous with trial available to offer pertinent evidence at a retrospective hearing."

Dougherty, 149 So. 3d at 679 (quoting Mason v. State, 489 So. 2d 734, 737 (Fla. 1986)).    See also Zern, 191 So. 3d at 965 (reversing and remanding for a

---

[2] We also note that the trial court failed to enter a written order finding Hernandez competent.  This too was error.  See Fla. R. Crim. P. 3.212(b) (providing: "If the court finds the defendant competent to proceed, the court shall enter its order so finding and shall proceed."); Dougherty v. State, 149 So. 3d 672, 679 (Fla. 2014).

6

retrospective determination of competency, holding: "If the court finds that Appellant was competent at the time of trial, it must enter a *nunc pro tunc* written order memorializing this finding with no change in the judgment;" alternatively, "[i]f the trial court finds that Appellant was incompetent or that a retrospective determination is not possible in this case, it must hold a new trial, as long as Appellant is and remains competent on remand.")

## CONCLUSION

We therefore reverse and remand for the trial court to conduct a hearing at which the trial court shall undertake to make a retrospective determination of whether Hernandez was competent at the time of trial. If the trial court is able to and does make a finding that Hernandez was competent at the time of trial, it shall enter a nunc pro tunc written order memorializing such finding with no change in the judgment or sentence. If the trial court finds that Hernandez was incompetent at the time of trial, or that a retrospective determination is not possible in this case, it must then determine whether Hernandez is presently competent to proceed. If he is competent, the trial court shall hold a new trial.