GROSSHANS, J.
Arthur Slinger (the defendant) appeals his judgment and sentence entered by the trial court after a jury found him guilty of sexual battery and lewd or lascivious molestation. We affirm the judgment, but we reverse the sentence and remand for resentencing.
At the conclusion of the defendant's initial trial, a jury found him guilty of three crimes, including sexual battery and lewd or lascivious molestation, and the trial court sentenced him after ordering and reviewing a presentence investigation report (PSI).[1] The defendant appealed, and this court reversed his judgment and sentence and remanded for a new trial, thereby vacating all of his convictions. On remand, a jury again found him guilty of sexual battery and lewd or lascivious molestation. After the verdict was rendered, the defendant requested a new PSI. Upon consideration, the trial court responded:
Okay. We're going to set a sentencing date. It's one of -- this is kind of a hybrid, there was a -- just so you know now, there was a prior trial some several years ago. And ... it had to come back for legal reasons. And I -- I've retried the case, as it were, he'[s] been previously convicted. So, for the last three years, he's been in custody.
So, a PSI is a book report about a person's life. It's reserved for people who have no prior or scorable prior felony offenses or for ... some persons who are habitual felony offenders who have *924 awful records. They can get a PSI. In this situation, we're not going to order a new PSI.
Prior to the sentencing hearing, the court reiterated that no PSI was ordered because "none was entitled." The trial court then sentenced the defendant to thirty years in prison, and this appeal timely followed.
On appeal, the defendant argues that the trial court erred in sentencing him without the benefit of a new PSI.[2] We agree. Whether the trial court properly declined to order and consider a PSI involves a matter of law and is subject to de novo review. See Levandoski v. State, 245 So.3d 643, 646 (Fla. 2018).
Rule 3.710 of the Florida Rules of Criminal Procedure instructs, in pertinent part, "[N]o sentence or sentences other than probation shall be imposed on any defendant found guilty of a first felony offense ... until after such investigation has first been made and the recommendations of the Department of Corrections considered by the sentencing judge." Fla. R. Crim. P. 3.710(a) (emphasis added).
The plain language of the rule clearly mandates that the trial court order a PSI prior to sentencing a first felony offender to incarceration. See Peer v. State, 983 So.2d 34, 35 (Fla. 1st DCA 2008). Here, following the initial trial, this court reversed and vacated the three offenses constituting the defendant's only felony convictions. Therefore, the convictions after retrial are the defendant's first felony offenses for the purposes of this rule, requiring the court to order and consider a PSI. The court's refusal to do so was error.
The State argues that any error was harmless as a new PSI would not have provided the trial court any additional information. We are not persuaded by this argument as rule 3.710 expressly provides that the trial court must also consider the PSI before imposing a sentence. Fla. R. Crim. P. 3.710(a). The record does not reveal that the trial court considered or reviewed the report; in fact, the trial court repeatedly indicated that the defendant was not entitled to a PSI. Therefore, we cannot hold that the error was harmless. See State v. DiGuilio, 491 So.2d 1129, 1135 (Fla. 1986).
Accordingly, we reverse and remand to the trial court for resentencing on all counts after the preparation and consideration of a PSI.
REVERSED and REMANDED for further proceedings.
HARRIS, J., concurs.
ORFINGER, J., concurs in result only with opinion.
ORFINGER, J., concurring in result with opinion.
I concur in the affirmance of Mr. Slinger's conviction. An update to the presentence investigation ("PSI") should have been ordered. However, because Mr. Slinger had been in prison since his first conviction, I believe the failure to update the PSI was harmless. Nonetheless, I agree that resentencing is appropriate because there is no indication the trial judge considered the PSI.

The defendant had no prior felony convictions.

We reject without comment the defendant's challenge to his judgment. We do not reach his additional challenge to the sentence.