PER CURIAM.
*796 This is an appeal from a final judgment of conviction and sentence following the defendant's entry of pleas of guilt. The sole issue before us is whether the trial court erred in adjudicating the defendant, Jorge Nolasco, mentally competent to proceed.
Nolasco was indicted in 1999 for one count of first-degree murder, two counts of attempted first-degree murder, one count of unlawful possession of a firearm while engaged in a criminal offense, and one count of discharging a firearm from a vehicle. His defense counsel moved for a competency evaluation, and Nolasco was ruled incompetent in 2001. Pursuant to section 916.13, Florida Statutes (2001) and Florida Rule of Criminal Procedure 3.212(c), Nolasco was remanded to the Florida Department of Children and Families for treatment in a secure residential facility for the mentally ill.
Between 2002 and 2016, Nolasco was assessed for restoration to competency to proceed in the pending criminal case, on several separate occasions and by several mental health professionals. Following the trial court's review of the conflicting evidence at the competency hearings during that interval, Nolasco remained in treatment.
In January 2017, the trial court ordered further evaluations. Two professionals found Nolasco competent, while one was unable to reach a conclusion (based on Nolasco's refusal to participate in the evaluation). The trial court found Nolasco competent to proceed. Nolasco's counsel requested further evaluation, which the trial court authorized in July 2017; both experts rendered reports finding Nolasco competent.
As the criminal case was prepared for trial in April 2018, Nolasco's counsel requested a further competency evaluation, which the trial court authorized. One mental health expert reported that Nolasco likely was competent, but did not rule out the possibility that Nolasco was suffering from a major psychiatric illness. A second expert concluded that Nolasco was competent to proceed. Defense counsel requested a third evaluation, which was authorized by the trial court, and that evaluation was conducted in the courtroom. The expert concluded that Nolasco was competent.
The trial court entered an order finding Nolasco competent to proceed, and trial commenced the following day. After jury selection, Nolasco entered a guilty plea to the reduced charge of second-degree murder on one count, and a guilty plea to the remaining counts. This appeal followed.
Analysis
"[W]hen analyzing a competency determination on appeal, this Court applies the competent, substantial evidence standard of review. In other words, a trial court's determination of competency supported by competent, substantial evidence will not be disturbed on appeal." Huggins v. State, 161 So. 3d 335, 344 (Fla. 2014). Moreover, when (as here) expert testimony regarding a defendant's competency is conflicting, "this Court has traditionally afforded great deference to the trial court's resolution of that conflict." Id.
Nolasco argues here that there was an absence of competent, substantial evidence, as the trial court's acceptance of *797 a stipulation between counsel for consideration of the 2017 expert reports allegedly fell short of the required "independent legal determination"; Hernandez v. State, 250 So. 3d 183, 186 (Fla. 3d DCA 2018). Hernandez is distinguishable, however, as in that case there was "nothing in the record to suggest that the trial court reviewed or considered the expert's report, or made an independent assessment or finding of Hernandez's competency." Id. In the present case, the trial court did review the reports and did make independent findings-certainly in the 2018 hearings and apparently in 2017 as well.[1]
The trial court's ultimate ruling, at the May 2, 2018, hearing, was:
I do hereby find that based on both reports, reading through them, taking all of the factors into consideration, including the prior history of Mr. Jorge Nolasco, I do find he is competent to proceed, based on the findings of the doctors. I also find it interesting that I happened to read factually that he has consistently been showing symptoms of malingering, and is clearly trying to feign that he has some kind of mental illness. And as the doctors have found, he has malingering antisocial personality disorder, but I find he is mentally competent proceed at this time.
Competent, substantial evidence exists in this record to support the trial court's determination of competence, and the final judgment of conviction and sentence are thus affirmed.

There is no complete transcript of the February 2017 hearing available, but the order finding Nolasco competent to proceed states that the trial court examined the evidence presented, and there is no indication of exclusive reliance by the court on the stipulation. The same trial judge presided over the case from May 2015 onward and had personal interactions with Nolasco during a series of hearings.