# Third District Court of Appeal

## State of Florida

Opinion filed November 3, 2021.

_____

No. 3D19-1941
Lower Tribunal No. F12-19634
_____

**Alphonso Lucas,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Mary Pooler, Judge.

Carlos J. Martinez, Public Defender, and Andrew Stanton, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and Linda Katz, Assistant Attorney General, for appellee.

Before FERNANDEZ, C.J., and EMAS and BOKOR, JJ.

EMAS, J.

## ON MOTION FOR REHEARING, CLARIFICATION AND CORRECTION

We deny appellant's motion for rehearing and clarification. We grant appellant's motion to correct opinion, withdraw our previously issued opinion, and substitute the following opinion in its stead.

Defendant Alphonso Lucas was charged with first-degree murder of Terrilyn Gray, armed burglary with an assault, aggravated animal cruelty, and attempted first-degree murder and attempted felony murder of Curtina Gray. Following a jury trial, Lucas was found guilty, as charged, of first-degree murder of Terrilyn Gray, armed burglary with an assault, and aggravated animal cruelty. On the counts of attempted first-degree murder and attempted felony murder of Curtina Gray, the jury found Lucas guilty on each count of the lesser-included offense of aggravated battery.

Lucas raises five points on appeal, asserting the trial court erred in: 1) limiting defense counsel's cross-examination of two state witnesses; 2) overruling the defense objection to the State's questions on cross-examination of the defendant regarding his prior convictions; 3) permitting a police detective to testify that a substance found on a weapon impounded at the scene of the crime did not appear to be blood; 4) denying Lucas his fundamental right to a sentencing hearing; and 5) allowing dual convictions

and imposing separate sentences for aggravated battery upon a single victim, in violation of double jeopardy.

We find no abuse of discretion in the trial court's evidentiary rulings during trial and affirm the first three claims. See McDuffie v. State, 970 So. 2d 312, 324 (Fla. 2007) (holding a trial court's limitation on the examination of a witness is reviewed for an abuse of discretion); Farr v. State, 230 So. 3d 30 (Fla. 4th DCA 2017) (holding a trial court's evidentiary rulings concerning the defendant's prior convictions is reviewed for an abuse of discretion); Fotopoulos v. State, 608 So. 2d 784, 791 (Fla. 1992) (noting that a party may attack the credibility of any witness by evidence of prior conviction, and that "this inquiry is generally restricted to the existence of prior convictions and the number of convictions . . . . However, when a defendant attempts to mislead or delude the jury about his prior convictions, the State is entitled to further question the defendant concerning the convictions in order to negate any false impression") (citations omitted); McDade v. State, 290 So. 3d 547, 547 n.1 (Fla. 3d DCA 2019) (same). See also § 90.701, Fla. Stat. (2019) (providing that a lay witness' testimony "about what he or she perceived may be in the form of inference and opinion when: (1) The witness cannot readily, and with equal accuracy and adequacy, communicate what he or she has perceived to the trier of fact without testifying in terms of inferences or

opinions and the witness's use of inferences or opinions will not mislead the trier of fact to the prejudice of the objecting party; and (2) The opinions and inferences do not require a special knowledge, skill, experience, or training"); Johnson v. State, 215 So. 3d 644, 651 (Fla. 5th DCA 2017) (holding a trial court's determination to permit lay opinion testimony is reviewed for an abuse of discretion); Bolin v. State, 41 So. 3d 151 (Fla. 2010); Floyd v. State, 569 So. 2d 1225, 1231-32 (Fla. 1990) (finding no error in permitting police officer to testify "that a tablecloth found lying on the bed 'appeared like someone had taken some type of object that had blood on it and wiped it on there and left it on the bed;" holding: "Lay witness opinion is admissible if it is within the ken of an intelligent person with a degree of experience . . . . We find the officers' testimony within the permissible range of lay observation and ordinary police experience"). Additionally, we determine that any arguable error in the trial court's evidentiary rulings was harmless. State v. DiGuilio, 491 So. 2d 1129 (Fla. 1986).

We further conclude the trial court did not deny Lucas his fundamental right to a sentencing hearing. Pursuant to Florida Rule of Criminal Procedure 3.720(b), at sentencing "[t]he court shall entertain submissions and evidence by the parties that are relevant to the sentence." The record establishes that, after the jury returned its verdict and it was published, the trial court initially

4

stated it would set a future sentencing date. However, defense counsel advised the court "[you] can sentence him now." The court explained that it was considering setting a future sentencing date, so the victims could be heard at sentencing, because the hour was late (near midnight). Thereafter, defense counsel, also noting it was late, requested the sentencing be reset for "a few weeks," but offered no other reason for this request. The State asked the court to proceed to sentencing, advising that although the victims were aware that "they have the right to speak, to be heard on the record. . . they would rather waive that right and just finalize it right now." The court proceeded to sentencing. At no time did defendant or his counsel indicate they were unprepared to go forward, nor request additional time to obtain submissions or to present witnesses or mitigating evidence. Indeed, the only basis asserted by the defense for seeking to reset the sentencing was the late hour.[1]

---

[1] We note that, as to the conviction for first-degree murder, the trial court had no sentencing discretion, and was required by statute to sentence defendant to life in prison. See § 782.04(1)(a), Fla. Stat. (2012) (providing premeditated first-degree murder is a capital felony, punishable by death or by life imprisonment without parole eligibility, as provided in section 775.082(1)(a)). The sentences imposed on the remaining counts were ordered to be served concurrently with each other and concurrently with the mandatory life sentence imposed on the first-degree murder conviction. We further note that, in light of his prior felony convictions, Lucas did not have the right to a presentence investigation. See Fla. R. Crim. P. 3.710(a); Slinger v. State, 268 So. 3d 922, 924 (Fla. 5th DCA 2019) (holding: "The plain language of

5

We find no abuse of discretion in the trial court's decision to proceed to a sentencing hearing immediately following the return of the verdict, and further conclude that the trial court did not deprive Lucas of his due process right to a sentencing hearing or prevent him from offering submissions and evidence relevant to the sentence. Nunez v. State, 542 So. 2d 1061 (Fla. 3d DCA 1989).[2]

As to the defendant's final claim on appeal, the State properly and commendably concedes that Lucas was improperly convicted of, and sentenced for, two counts of aggravated battery for a single act committed against a single victim in the course of a single criminal episode. The State charged Lucas with attempted premeditated murder of the victim (Count Two), as well as attempted felony murder of the same victim (Count Six). As

---

[rule 3.710(a)] clearly mandates that the trial court order a PSI prior to sentencing a first felony offender to incarceration").

[2] Although we hold that, under the circumstances presented in this case, the trial court did not abuse its discretion in proceeding to a sentencing hearing rather than setting it for a future date, we caution that best practices would generally militate against proceeding to a sentencing hearing at the midnight hour. While we do not question the trial court's admirable intent, courts must nevertheless bear in mind that embarking upon a critical stage at such a late hour imposes a hardship not only upon those actively participating in the sentencing proceeding (the judge, defendant, defense counsel and prosecutor) but upon many others who must be present or who are otherwise involved in the process (the victim and next of kin, family members of the defendant, court reporter, bailiff, courtroom deputy, courtroom clerk, corrections officer (for an in-custody defendant), courthouse security and other personnel).

to each count, the jury found Lucas guilty of the lesser-included offense of aggravated battery, and the trial court sentenced Lucas on each count to fifteen years in prison. These dual convictions and sentences violate principles of double jeopardy, which "prohibits subjecting a person to multiple prosecutions, conviction, and punishments for the same criminal offense." Valdes v. State, 3 So. 3d 1067, 1069 (Fla. 2009). See also § 775.021(4), Fla. Stat. (2012).[3]

---

[3] Section 775.021(4)(a)–(b) provides:

(4)(a) Whoever, in the course of one criminal transaction or episode, commits an act or acts which constitute one or more separate criminal offenses, upon conviction and adjudication of guilt, shall be sentenced separately for each criminal offense; and the sentencing judge may order the sentences to be served concurrently or consecutively. For the purposes of this subsection, offenses are separate if each offense requires proof of an element that the other does not, without regard to the accusatory pleading or the proof adduced at trial.

(b) The intent of the Legislature is to convict and sentence for each criminal offense committed in the course of one criminal episode or transaction and not to allow the principle of lenity as set forth in subsection (1) to determine legislative intent. Exceptions to this rule of construction are:

1. Offenses which require identical elements of proof.

2. Offenses which are degrees of the same offense as provided by statute.

We therefore reverse in part and remand to the trial court with directions to vacate the judgment and sentence for Count Six (aggravated battery as a lesser-included offense of attempted felony murder). We affirm in all other respects the judgments and sentences.

Affirmed in part, reversed in part, and remanded with directions.

---

3. Offenses which are lesser offenses the statutory elements of which are subsumed by the greater offense.