# Third District Court of Appeal

## State of Florida

Opinion filed January 31, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-0588
Lower Tribunal No. F09-31001
_____

**Adonis Losada,**
Appellant,

vs.

**The State of Florida,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Teresa Pooler, Judge.

Carlos J. Martinez, Public Defender, and Susan S. Lerner, Assistant Public Defender, for appellant.

Ashley Moody, Attorney General, and David Llanes, Assistant Attorney General, for appellee.

Before MILLER, GORDO and BOKOR, JJ.

PER CURIAM.

We affirm the issues on appeal but remand the matter to the trial court to enter a written order consistent with its oral pronouncement of competency. See Muhammad v. State, 494 So. 2d 969, 973 (Fla. 1986) ("If the court has followed the procedures of the rules and the defendant's own intransigence deprives the court of expert testimony, the court must still proceed to determine competency in the absence of such evidence."); Andres v. State, No. 3D21-2185, 2023 WL 4919542, at *3 (Fla. 3d DCA Aug. 2, 2023) (explaining that expert evaluations and reports are advisory and that "a trial court cannot serve merely as a rubber stamp, but must make its own independent determination of whether a defendant is competent to proceed"); Nolasco v. State, 275 So. 3d 795, 796 (Fla. 3d DCA 2019) (applying the competent, substantial evidence standard of review to competency determinations); see also Cheatham v. State, 346 So. 2d 1218, 1219 (Fla. 3d DCA 1977) (holding no abuse of discretion where the defendant "was given an opportunity to submit evidence in mitigation of sentence, and [finding that] the trial court fully complied with the requirements of Fla. R. Crim. P. 3.720"); Miller v. State, 435 So. 2d 258, 261 (Fla. 3d DCA 1983) (asserting that Rule 3.720 only requires that "a defendant be given an opportunity to present matters in mitigation" (emphasis omitted)); Gordon v. State, 219 So. 3d 189, 197 (Fla. 3d DCA 2017) ("Here, the trial

2

court made an oral finding that defendant was competent to proceed, but failed to render a written order to that effect.  This cause must be remanded to the trial court to enter a written order consistent with its oral pronouncement.").

Affirmed and remanded with instructions.